## MAY vs. KELLY & FRAZIER.

[ACTION UNDER CODE, AGAINST OWNERS OF STEAMBOAT, ON BILL OF EXCHANGE DRAWN BY CLERK, AND ACCEPTED BY CAPTAIN.]

1. *Drawee only can accept, except for honor.*—Where a bill of exchange is directed to a particular person, nobody but the person to whom it is directed can accept it, except for honor; and therefore, in declaring against one as acceptor, a count is demurrable, which alleges that the bill was payable at a particular counting-house, but does not aver that it was directed in blank, or that it was drawn upon the defendant, or that he accepted it for honor, or that he resided or did business at said counting-house.

2. *Agent's authority to accept must be averred.*—In declaring against the principal, on a bill accepted by his agent, the agent's authority to accept must be averred; it is not sufficient to allege, that he was the agent, and as such agent accepted for the principal.

3. *Captain of steamboat cannot bind owner by individual acceptance.*—The acceptance of a bill of exchange by the captain and master of a steamboat, in his own name as captain, does not bind the owner as acceptor.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Kelly & Frazier against James T. May, on a bill of exchange of the following tenor:

"Exchange for $476.    Louisville, Ky., November 11, 1852.

"Nine months after date of this first of exchange (second of same tenor and date unpaid), pay to the order of the Mer-

32

chants' Louisville Insurance Company, payable at the co. room
of May & Vanhook, New Orleans, four hundred and seventy-
six dollars, value received, and place the same to account of
insurance on S. Bt. Messenger.

"To Capt. B. W. Bell,        }    FRANK BELL, Clerk."
      for St. Messenger & owners, }
                Mobile, Ala. }

The complaint contained three counts—to-wit :—

"The plaintiffs claim of the defendant $476, with interest,
upon the acceptance by B. W. Bell, captain of the steamboat
Messenger, for said steamboat and her owners, of which
steamer defendant was then owner, of the .draft of 'Frank
Bell, clerk', dated Louisville, Ky., November 11, 1852, for the
sum aforesaid, payable nine months after that date at the
counting-house of May & Vanhook in New Orleans, to the
order of the Merchants' Louisville Insurance Company, (for
insurance of said steamboat,) and by said company (by Wm.
Prather, secr'y) endorsed to said Kelly & Frazier ; which
draft has been duly protested for the non-payment thereof,
and is still unpaid ; of all which said defendant had due
notice.

"Also, upon the acceptance by the defendant, by B. W.
Bell, of another draft, in all respects like the one above de-
scribed, and which is still unpaid.

"And plaintiffs, by leave of the court now here granted,
further complaining, claim of said defendant the further sum
of $476, with interest thereon, for that whereas, heretofore,
to-wit, on the 11th day of November, A. D. 1852, the said de-
fendant was owner of a steamboat, named and called 'Mes-
senger', and one B. W. Bell then the captain and master of
said boat, and agent of the owner or owners thereof and of
the defendant ; and the said B. W. Bell, as such captain and
agent, then accepted a draft, or bill of exchange, by writing
his name across the face of it, thus, 'B. W. Bell, capt.' ; drawn
and dated on the year aforesaid by one Frank Bell, who was
then clerk of said steamboat and keeper of the accounts
thereof, upon and addressed to the said B. W. Bell, captain
and agent as aforesaid, as such, by the name and addition of
'Capt. B. W. Bell, for st. Messenger & owners, Mobile, Ala.',
for the sum of $476 ; payable nine months after the date
thereof, at the counting-room of May & Vanhook in New Or-

leans, to the order of the Merchants' Louisville Insurance Company, for insurance of said steamboat by said company ; who then and there endorsed, by Wm. Prather, their secretary, the said bill of exchange to the plaintiffs ; which bill of exchange is still wholly unpaid."

The defendant demurred to the complaint, but his demurrer was overruled ; and he then pleaded the general issue.

On the trial, as appears from the bill of exceptions, the plaintiffs read in evidence the bill of exchange declared on, with the endorsements thereon, "and then proved, by one Thomas Adams, that said defendant, at the date of said bill of exchange, was the owner of said steamboat Messenger, B. W. Bell the captain, or master, and Frank Bell the clerk ; and that the insurance company mentioned in the draft was engaged in the business of insuring boats, and Wm. Prather, the endorser of the draft, was the secretary of said company. This was all the evidence, except the protest of the bill for non-payment, and the interest law of Louisiana."

"The court charged the jury, upon this evidence, that if they believed it, the acceptance not being denied by a sworn plea, the plaintiffs were entitled to a verdict.

"To this charge the defendant excepted, and asked the court to give the following charges :—

"1. That the draft did not support the complaint, and varied from that described therein.

"2. That in order to bind the defendant, it was necessary to show that the draft was accepted in his name, or by some name used by him, adopted for that purpose by B. W. Bell ; and that the draft, accepted 'B. W. Bell, capt.', did not bind May, nor follow the complaint."

The court refused these charges, and to each refusal the defendant excepted ; and he now assigns for error the overruling of his demurrer to the declaration, the charge given, and the refusal to charge as requested.

K. B. SEWALL and J. C. BOLLING, for appellant :

1. The demurrer to the declaration ought to have been sustained, because neither count showed a legal liability on the part of the defendant. The first count shows no authority in Bell to accept a bill of exchange for defendant : the aver-

ment that he accepted "for the steamboat and owners", is no averment of his authority so to accept. The second count is defective for the same reason; and the third, though more specific, is equally defective. It was not sufficient to aver that Bell was the agent of May, since he may have been his agent, and yet had no authority to accept a bill for him. The fact of agency does not, *ex vi termini*, import authority to accept a bill of exchange.—Childress v. Miller, 4 Ala. 447; Brooks & Wilson v. Harris, 12 *ib.* 555.

2. The bill offered in evidence is variant from that described in the first count, because it does not purport to be accepted by "B. W. Bell, captain, for steamboat and owners"; and from that described in the second count, because it does not purport to be the acceptance of the defendant by Bell.

3. The bill offered in evidence, with the other proof in the cause, shows no liability on the part of May to pay it. To make the principal liable on a written contract made by his agent, it must appear to be executed in the name of the principal.—McTyer v. Steele, 26 Ala. 492; 10 Wend. 271; 8 Mees. & W. 834; Story on Agency, § 207. Exceptions to this general rule are, contracts signed by the master of a vessel in his own name, in the usual course of his employment, such as bills of lading, contracts for repairs, &c.; but the scope of his employment does not embrace the acceptance of bills of exchange, even for necessaries, so as to bind the owners.—Abbott on Shipping, 172; Ware's Rep. 263; 10 Metc. 380; 3 Story's R. 475; 10 B. & C. 135. The master of a ship, merely as such, has no authority to insure the ship; nor is the ship's husband, even when a part owner, authorized to insure for the other owners, without directions to that effect. 3 Phil. Ev. (3d ed.), p. 534, §§ 1854, 1855; 5 Burr. 2227–30; 2 Stark. 345; 8 Wend. 144; 7 B. Mon. 595; 35 Maine R. 542; 1 Metc. 16; 5 *ib.* 192.

MANNING & WALKER, *contra*, made these points :—

1. If either of the counts was good, the demurrer was properly overruled.—Kent v. Long, 8 Ala. 25; Firemen's Insurance Co. v. Cochran & Co., at the present term. And if the proof sustained either count, though in itself imperfect, the plaintiffs were entitled to a verdict.—3 Port. 45.

2. That the form of the agent's act was sufficient to bind the principal, see Martin v. Dortch, 1 Stew. 480; Skinner v. Gunn, 9 Port. 305; Stringfellow v. Marriott, 1 Ala. 573; McTyer v. Steele, 26 *ib.* 487 ; Montgomery v. Elliott, 6 *ib.*

3. That the acceptance could not be denied without a sworn plea.—Martin v. Dortch, *supra;* Sorrelle v. Elmes, 6 Ala. 706; Fowlkes & Co. v. Baldwin, 2 *ib.* 705; Montgomery v. Elliott, *supra;* Lazarus v. Shearer, 2 Ala. 726; McWhorter v. Lewis, 4 *ib.* 200.

4. The bill is drawn by the clerk of the boat, on the captain, for the owners, on account of the boat's insurance. It was drawn on the captain as the representative of the owners, and "for" them ; and his acceptance, not being qualified by him, must be taken to be in that character.—Mechanics' Bank v. Bank of Columbia, 5 Wheat. 326; 7 B. Mon. 596.

RICE, J.—Conceding that a bill, directed in blank, may be accepted by anybody, and be a good bill ; and conceding, also, that notwithstanding the want of an address to any particular person, as drawee, the bill may, if it be drawn payable at a *particular house or place*, without mentioning the *name* of any person who resides or does business at that house or place, be well deemed a good bill in favor of an endorsee ; and that the acceptance by another person of such bill is an acknowledgment that he was the person to whom it was directed, and therefore sufficient to bind him as acceptor ; yet, when the bill is directed to *a particular person*, nobody but the person to whom it is directed can accept it, except for honor.—Davis v. Clarke, 1 Carrington & Kirwan, 177; Gray v. Milner, 2 Stark. R. 336; Gray v. Milner, 8 Taunt., 739; Polhill v. Walter, 3 Barn. & Adol. 114; Jackson v. Hudson, 2 Camp. R. 447 ; Story on Bills, §§ 58, 121, 124, 253, 258 ; 8 Dana, 134.

The first and second counts of the complaint in this case are bad on demurrer, because each of them shows that the bill was payable " at the counting-house of May & Vanhook in New Orleans" ; but neither of them contains any allegation, which shows that the bill was drawn upon the defendant, or that it was directed in blank, or that he accepted it for honor, or that he resided or did business at said counting-house.

The first count is bad for another reason—to-wit, that although it alleges that the defendant was the owner of the steamboat, and that Bell, the captain thereof, accepted the bill "for said steamboat and her owners", yet it does not allege or show *his authority* thus to accept and thus to bind the defendant.

The third count is bad, for the reason, that although it alleges that B. W. Bell was the captain and master of said steamboat, and agent of the owner or owners and of the defendant, and that "the said B. W. Bell, as such captain and agent", accepted the bill, "by writing his name across the face of it, thus, ' B. W. Bell, capt.'; yet it does not allege or show *his authority* to accept any bill for the defendant, or to bind the defendant by that or any other acceptance.

B. W. Bell may have been the agent of the owner of the steamboat, and the agent of the defendant, and yet have had no authority *to accept any bill for the defendant*. It was not enough to aver that Bell was the agent of the defendant. It was incumbent on the plaintiffs to know the extent and nature of his authority as agent, or, at all events, to have alleged that his agency embraced or authorized the acceptance of the bill. His *authority* to accept the bill must appear otherwise than from his acts, before it can be assumed that his acts are binding on his principal.—Wallace v. The Branch Bank at Mobile, 1 Ala. R, 565; Scarborough v. Reynolds, 12 *ib.* 252, and cases therein cited ; Pope v. Nickerson, 3 Story's R. 465.

There is nothing in the legal relation between the captain and master of the steamboat and its owner, which, of itself, conferred upon the captain and master authority to bind the defendant as owner, by such an acceptance of a bill as is alleged in the third count.—Bowen v. Stoddard, 10 Metc. R. 375; Pope v. Nickerson, 3 Story's R. 465.

If any one of the three counts had been good, there would have been no error in overruling the demurrer, which was interposed to the complaint as a whole ; but as all the counts are bad, the court below erred in overruling the demurrer to the complaint; and for that error, its judgment is reversed, and the cause remanded.