Walton v. Williams.

## WALTON vs. WILLIAMS.

[ACTION ON BILL OF EXCHANGE BY PAYEE AGAINST PARTY THERETO, AS ACCEPTOR.]

1. *Acceptor ; when may be considered indorser, guarantor, or acceptor, supra protest.*—When a bill of exchange exhibits the signature of one to whom it is not directed across its face, and another name in the lower left hand corner where that of the drawee is usually placed, the latter will be deemed the drawee, and the former will be considered the indorser, guarantor, or acceptor, *supra* protest, according to the evidence.
2. *Parol evidence; when admissible to explain relation of parties to bill.*— In such a case parol evidence is admissible to explain the relation of the parties to the bill, when sued on by the payee.
3. *Non-payment, notice of ; who entitled to.*—An acceptor, *supra* protest, is entitled to notice of non-payment by the drawee.

APPEAL from Circuit Court of Hale.
Tried before Hon. B. L. WHELAN.

The appellee sued the appellant as acceptor of a bill of exchange, which was as follows:

"Exchange, $1,093 84.   Greensboro, January 1st, 1862.

" On the first of January next, pay this, my only bill of exchange of this tenor and date, to the order of D. C. Williams, the sum of one thousand and ninety three 84–100 dollars, value received, negotiable and payable at the office of the Planters Insurance Company, and charge the same to account of,                Yours truly,

"JAMES J. WALTON.

"JAMES J. WALTON."

John W. Walton wrote his name across the face of the note, in the place the acceptor usually signs.

The plaintiff introduced the bill, and proved that the name of the defendant, written across its face, was in his handwriting. " The defendant proposed to testify, in his own behalf, that he was asked by his brother, James J. Walton, the drawee, in the presence of the plaintiff, the payee, to sign a bill. He told the plaintiff that he was in the habit of signing on the [back of the] bill, to which he replied, that was a mere matter of form. His brother had asked him to indorse the bill. He wrote his name across its face at the request of the plaintiff, who told him that the face of the bill was the proper place for writing his name as indorser. He signed the bill, not as acceptor, but as indorser, and the plaintiff received it with that understanding." This evidence was excluded by the court, and the charge given to the jury, that if they believed the name written across the face of the bill to be the signature of the defendant, it was an acceptance, and they must find for the plaintiff.

The exclusion of the evidence, and the charge given, are now assigned as error, as well as the refusal to give several charges asked by the defendant below, and not necessary to be further considered.

JAS. J. GARRETT, for appellant.
RICE, SEMPLE & GOLDTHWAITE, contra.

SAFFOLD, J.—The only evidence that the defendant

accepted the bill, is his signature across its face. It is where the acceptor's signature is usually found, and in the absence of proper rebutting testimony this would be sufficient proof of the fact, if it was directed to him, or without direction to any one. But the name of James J. Walton is also found in the position on the bill usually occupied by the drawee, and he must be considered the drawee as well as the drawer.

Where a bill is directed to a particular person, no one but the person to whom it is directed can accept it, except for honor.—*May v. Kelly & Frazier*, 27 Ala. 497. If the defendant was an acceptor, he was one *supra* protest, and his obligation was, that if the bill was not paid by the drawee upon due presentment at its maturity, then upon protest for non-payment, and due notice thereof to him, he would pay it.—Story on Bills of Ex. § 123 ; 3 Wend. 491.

There was no proof, in this case, of protest and notice, and for this reason the charge of the court was erroneous.

The plaintiff was the payee. It was, therefore, clearly competent to show by parol the intention of the parties, at the time the contract was entered into, with regard to their several liabilities among themselves, and the relation which they were to bear to the bill.—*Branch Bank at Mobile v. Coleman*, 20 Ala. 140.

The evidence of the defendant, who was a competent witness under section 2704 of the Revised Code, ought to have been admitted.

The judgment is reversed and the cause remanded.