May Term,
1859.

REITZ
v.
MARTIN.

---

REITZ *v.* MARTIN.

An agent employed to drive stock from one place to another, has no power in virtue of such employment to sell the stock, in case it become foot-sore and unable to travel; and in case of a sale under such circumstances, the owner may recover his property by action against the purchaser.

Where the principal has never held the agent out as having a general authority, it is the duty of one purchasing from him to inquire as to the extent of his authority; and, if he purchase without inquiry, he trusts the agent and not the principal.

Monday,
May 30.

APPEAL from the *Hamilton* Court of Common Pleas.

HANNA, J.—This was an action to recover a specific article of personal property, to-wit, one bull, and damages.

The defendant answered in three paragraphs—

1. A general denial.

2. Property in himself.

3. Property in one *Chenoworth*.

The plaintiff replied, denying, &c.

Trial; verdict for plaintiff; motion for new trial overruled; judgment on the verdict.

The questions presented by the brief of the appellant arise upon the instructions given and those refused, and involve but two points.

The facts upon which the instructions were based were, in substance, that *Martin*, of *Darke* county, *Ohio*, con-

tracted to *Chenoworth*, of *Vermillion* county, *Indiana*, one
bull, for 50 dollars, of which sum 20 dollars was paid,
and the balance was to be paid upon the delivery of the
property to the purchaser, at his farm, by the said *Martin*.
*Martin*, at his expense, employed one *Wisner* to drive the
animal to the purchaser; he drove him part of the way,
and, upon the animal and himself becoming foot-sore, sold
him to *Reitz*, who, upon demand made, refused to surrender him.

Upon these facts, the questions arise as to the power of
*Wisner* to sell, and the right of *Martin* to sue.

The first instruction asked and refused, assumed that a
special agent could sell the property of the principal, although such act was not within the line of his specific
duties, in case of emergency; and that it was a question
for the jury whether *Wisner*, under the circumstances, exercised a reasonable discretion in disposing of the property.
The instruction given upon this point was, in substance,
that if an agent, to whom property was intrusted for a
particular purpose, should dispose of the same in a manner not within the scope of his authority, the principal
would not be bound by the act; so, if *Wisner* did not act
within his instructions and the scope of his employment,
and the plaintiff had not affirmed his acts, he, the plaintiff,
would not be concluded thereby.

The fourth instruction, asked and refused, assumed, in
effect, that if the agent, or the property, or both, became,
during the journey, in a condition unable to proceed farther, he was then authorized to sell the property; and that
the principal was civilly liable for the wrongful acts of the
agent, in the course of his employment; and, therefore, if
the sale was wrongful, still it was legal, and vested the
title in the purchaser, &c.

The authorities referred to by the appellant, in support
of the instructions asked, and which were refused, are certain sections of Story on Agency, which we have examined, and find them to treat of the powers of a master of a
ship, and the rights of certain mercantile agents. We are
not able to perceive the applicability of the authorities

cited to the case at bar. It has been decided that agents, in ordinary transactions, have not the powers of masters of vessels. See *Hawtayne* v. *Bourne*, 7 M. and W. 597, where it is decided that there is no implied authority in an agent, conducting the general business of a mine, to borrow money in a case of necessity. Smith's Mercantile Law, p. 117. Yet the master of a ship, under his general power as agent for the owners, is authorized to borrow money, &c. *Id.* 117.

The common-law rule as to the power of the agent to bind his principal, by a sale of the property, appears to have been, that the purchase must have been in market overt, and without knowledge by the purchaser of the agency of the seller, or from an agent acting according to his instructions, or from one acting in the usual course of his employment, and whom the buyer did not know to be transgressing his instructions. *Id.* 118.

The general rule is, that the authority of the agent, of whatever description, must be strictly pursued; otherwise, the principal, if his agent be a special one, will not be bound. *Id.* 115. And if the principal has never held the agent out as having any general authority whatever in the premises, it is the duty of one purchasing from him to inquire; and if he trusts without inquiry, he trusts to the good faith of the agent and not of the principal. Story on Agency, § 133.—*Schimmelpennick* v. *Bayard*, 1 Pet. 290.—*Pursley* v. *Morrison*, 7 Ind. R. 358.

It is clear to our minds, that the first inquiry—the right of the agent to sell—should be decided in the negative. We do not see any error in the rulings of the Court upon the question of instructions upon this point.

We are equally clear that the second point is against the appellant.

It is insisted that, under a proper legal interpretation of the contract, as proved, the title to the property passed to the purchaser, *Chenoworth*.

Without stopping to inquire whether that proposition is right or wrong, it is manifest that the right of possession remained in the seller, *Martin*, until the payment of

the purchase-money to him by the purchaser. 1 Pars. on Cont. 441.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Moss*, for the appellant.

*D. C. Chipman*, for the appellee.