## BLACKWELL v. KETCHAM.

PRINCIPAL AND AGENT.—*Special Agent.*—*Authority to Sign Note.*—Where a person authorizes another to sign the name of the former to a promissory note for a specified sum, the payee will be charged with knowledge of the extent of such authority, and the person conferring it cannot be bound for a larger sum.

From the Monroe Circuit Court.

*P. C. Dunning, J. F. Pittman, J. W. Buskirk* and *H. C. Duncan,* for appellant.

*J. H. Louden, R. W. Miers, C. F. McNutt* and *C. W. Henderson,* for appellee.

DOWNEY, C. J.—This was an action by the appellee against the appellant and one Stultz on a promissory note, of which they were the makers and he the payee. It is alleged in the complaint, that by the agreement and authority of said Garrett J. Blackwell, his co-defendant, John W. Stultz, signed the name of said Blackwell to said note, and, by mistake, signed his name James ⋈ G. Blackwell, when,
<br>his
<br>mark.

in fact, he is generally known by the name of Garrett J. Blackwell. Process was not served on Stultz. Blackwell answered, under oath, denying the execution of the note. Upon a trial of this issue by a jury, there was a verdict for the plaintiff. The defendant moved the court for a new trial, for causes specified in his written motion; but the same was denied, and judgment was rendered on the verdict.

The errors assigned are:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That the court improperly refused to grant the defendant a new trial.

The first alleged error is expressly waived by counsel for the appellant.

Under the second assignment, it is urged that the court erred in excluding certain testimony of one James Shields, offered by the defendant, in giving instruction number three of the general instructions by the court, and in giving a special instruction asked by the plaintiff. These questions need not all be considered. We pass over the first and go to that relating to the instructions. The third instruction is as follows:

"If you should find from the evidence that Blackwell authorized Stultz to put his name to a note with him for three hundred dollars or three hundred and fifty dollars, to be executed in consideration of an interest in certain mill property then belonging to one Helton, and you further find that the note in suit was given for said interest in said mill, and the same as was authorized to be given, except that it was for four hundred and seventy-five dollars, and larger than defendant authorized, yet, if you should find that the note was received by the payee without any knowledge that Stultz had exceeded his authority, and you further find that there was nothing in the transaction calculated to put him on inquiry or to indicate this want of authority, then Blackwell would be bound, notwithstanding he had not authorized it for the larger amount. Just so, if a man sign

his name to a note with another, leaving the amount blank, with authority to his co-obligor to fill it up with any amount not exceeding three hundred dollars, and the co-obligor fills it up with four hundred and seventy-five dollars; in such a case as this, the party who authorized the blank filled would be bound for the larger amount, if the payee to whom it was given acted in good faith and had no knowledge of the fraud that the one maker was practising on the other. The reason of this is, that where one of two innocent parties are to suffer, the one who gives the confidence and enables the fraud to be perpetrated should suffer, rather than the payee who had no knowledge of it."

The special instruction, of which complaint is made, is of the same import as that just set forth.

We are of the opinion that the court has applied to the case a rule of law not applicable to it. The case of one who signs paper in blank is essentially different from this. In that case, by signing the paper in blank, he impliedly confers upon the party to whom he intrusts it authority to fill up the blanks, so as to perfect the instrument, and this gives him power to fill the blank left for the insertion of the amount which is to be paid. *Holland* v. *Hatch*, 11 Ind. 497; *Spitler* v. *James*, 32 Ind. 202; *Gillaspie* v. *Kelley*, 41 Ind. 158.

The case under consideration is wholly different. It presents a question of easy solution, however. Blackwell authorized Stultz to sign his name to a note for three hundred dollars, or three hundred and fifty dollars. Stultz thus became the special agent of Blackwell to do this particular act. A special agent cannot bind his principal in a matter beyond or outside of the power conferred, and the party dealing with a special agent is bound to know the extent of his authority. *Pursley* v. *Morrison*, 7 Ind. 356; *Reitz* v. *Martin*, 12 Ind. 306; *Cruzan* v. *Smith*, 41 Ind. 288; *Berry* v. *Anderson*, 22 Ind. 36.

The judgment is reversed, with costs, and the cause remanded for a new trial.