DROVER v. EVANS ET AL.

RAILROAD.—Action for Stock Subscribed.—Pleading.—Tender.—Contract.—In an action to recover the amount of a subscription to the capital stock of

a railroad company, an answer alleging a failure to tender a certificate of such stock is insufficient.

SAME.—*Harmless Error.*—Where such subscription is conditional, and the complaint avers performance of the conditions, all evidence admissible under answers of failure and want of consideration, and non-performance of such conditions, is admissible under the general denial; and, where the latter is pleaded, error in sustaining demurrers to the former is harmless.

SAME.—*Principal and Agent.*—*Subscription by Agent.*—At the solicitation, in writing, of A., B. wrote A., that, upon the *location* and *erection* of certain railroad improvements at a certain place, A. should subscribe for a certain amount of the capital stock of such railroad for B.; whereupon A. subscribed the name of B. to such subscription, payable on the *location* of such improvements.

*Held*, that the agent exceeded the authority given him by the principal, and that the latter is not bound by such subscription.

From the Huntington Circuit Court.

*H. B. Sayler* and *J. B. Kenner*, for appellant.

*W. H. Coombs*, *J. Morris* and *R. C. Bell*, for appellees.

PERKINS, J.—Suit by S. Cary Evans, equitable assignee of the Fort Wayne, Jackson and Saginaw Railroad Co., against Henry Drover, on the subscription of stock copied below, which was obtained as shown by the following letters:

On the 16th of March, 1869, the following letter was written by S. Cary Evans and J. R. Prentiss to Henry Drover:

"FORT WAYNE, IND., March 6th, 1869.

"MR. HENRY DROVER, Huntington:

"DEAR SIR.—We are trying to get the local passenger freight depot and machine shops of the Fort Wayne, Jackson and Saginaw Railroad to locate on the city park property, north of the city. If we can accomplish this, it will, we think, insure the same of the Grand Rapids Railroad; also a railroad now talked of from Detroit *via* Adrian, Bryan, Hicksville, etc. This is of very great importance to all property holders about Columbia street and north of the canal, and they are all taking hold. We have now subscribed over $10,000. It will cost, to

buy up the property and pay damages, etc., to get from the park grounds, around to the Pittsburgh, Fort Wayne and Chicago and Wabash roads, at least $30,000 to $40,000. This must be made up by the property owners benefited by the location. The south part of the town are fighting it to the bitter end. You have an important interest over across the canal on Columbia street, between the corner and city mill. Now, it will make many thousand dollars' difference in the value of your property whether the north side of town has these shops, and the manufacturing and lumber, and all the things that will naturally follow, or whether all the railroad influences are thrown on the south side of town. Bowser & Co., who have property near you, give $2,250, I give $2,000, and others in proportion. We get stock in the railroad for what we give. Now, please write to me how much you will do to help in the matter. The conditions are, that, if the shops are not located on the north side, we *don't pay*, and only pay half when the iron is laid seven miles north, and the balance when the road is finished and the cars running. Please answer immediately. The matter will be decided one way or the other Friday night, when the city council meets.

" Yours truly,

" S. Cary Evans, ⎫<br>" J. R. Prentiss. ⎭ Committee."

On the 10th of the same month Henry Drover, who lived in Huntington, Indiana, answered the above letter, as follows:

" Huntington, Ind., March 10th, 1869.

" Messrs. Evans and Prentiss:

" Gentlemen.—In reply to your favor, would say that you find me at present very much embarrassed as to financial matters, having started a spoke and bending factory, involving myself more than expected. However, I will try and raise you $400 by the time needed, and you

may set me down for that amount, *provided you get the improvement you speak of.*

" Yours with respect,

" HENRY DROVER."

Upon the receipt of this answer of Drover, S. Cary Evans took upon himself the authority to subscribe Drover's name to the following subscription agreement:

"AGREEMENT.

" In consideration that the Fort Wayne, Jackson and Saginaw Railroad Company locate their local freight and passenger depots, and such machine shops as may be required by them, at Fort Wayne, on the north side of the St. Mary's and east of Bloomingdale and west of Spy Run, we, the undersigned, do hereby, each for himself, subscribe for the number of shares of the capital of said railroad company set opposite our respective names; and we do severally agree to pay to the treasurer of said company $50 for each share so subscribed, without relief from valuation and appraisement laws, and in the following manner, to wit: One-half of the amount so subscribed when the track of said railroad company is laid to the north line of Washington township, and the balance when the cars run through on the proposed route to the town of Jackson, Michigan.

| NAMES. | Residence. | No. of Shares. | Amount. |
|---|---|---|---|
| Henry Drover......... | ........................... | 8 | $400 |

Suit was brought on this subscription.

Answer in six paragraphs:

1. The general denial;
2. *Non est factum;*
3. No tender of certificate of stock;
4. Failure of consideration;
5. Want of consideration; and,
6. No compliance with conditions precedent.

The third paragraph of answer was bad. *The New Albany and Salem R. R. Co.* v. *McCormick,* 10 Ind. 499.

As to the fourth, fifth and sixth paragraphs,—as the subscription of stock was conditional, and the complaint averred performance, which averment was put in issue by the general denial,—no harm could result from sustaining the demurrer to the remaining paragraphs of answer, if all evidence admissible under those paragraphs would be admissible under the general denial of the complaint. We incline to the opinion, that, in this case, it could be so given.

The main question in the cause arises upon the answer of *non est factum.*

The suit is upon the subscription of stock set out in the complaint. That subscription was not signed by Drover, the appellant, in person, nor did he have any knowledge of the contents of the paper. His name was put to the subscription paper by S. Cary Evans. The paper was drawn by Cary, or by some person other than Drover, and the latter had no knowledge of its contents. Cary agreed to the terms of, and signed Drover's name to, the subscription, by virtue of the power given him by the letter of Drover above copied, and by that alone. Nothing in the record tends to show any subsequent ratification on the part of Drover. And the question is, did that letter empower Cary to put Drover's name to such a subscription of stock as that sued upon in this case ?

Drover's letter was written in answer to one from Cary explaining to Drover the character of the subscription it was desired he should make, and what for. Cary says: "We are trying to get the local passenger freight depot and machine shops of the Fort Wayne, Jackson and Saginaw Railroad to locate on the city park property, north of the city." This clause of the letter describes the business buildings which were to be located on the grounds mentioned in the letter of Cary. Drover answers: "You may put me down for four hundred dollars, provided you

get the improvement you speak of." Drover did not give a general, unqualified authority to Cary; but a special one to sign his name to a stock subscription, promising to take four hundred dollars of stock, on condition that the depot and machine shops mentioned in Cary's letter were erected at Fort Wayne, on the grounds named. As he says in his letter, " provided you get" (not the location, but) " the improvement you speak of."

Does the stock subscription sued upon correspond to the terms of the authority given in the letter of Drover? That authority was, as we have seen, to sign a subscription, on condition that the " machine shops " and depot of the railroad were located and built at Fort Wayne, on, etc.

The paper subscribed by Cary for Drover reads: " In consideration that the Fort Wayne, Jackson and Saginaw Railroad Company locate their local freight and passenger depots and" (not machine shops, but) " such machine shops as may be required by them, at Fort Wayne, on the north side," etc.

This is not equivalent to a condition that the company locate their machine shops, etc. Such a condition is absolute, that the machine shops must be located; while the terms in the article of subscription signed are, that the company locate " such machine shops as may be required by them, at," etc. Now this really leaves it at the option of the company whether they locate any shops at Fort Wayne. Suppose they conclude that they can have the main portion of their work done at shops at some other point, and that the small amount required to be done at Fort Wayne they can have performed at the shops, at that place, of some other road, on favorable terms, then no shops would be required at Fort Wayne, and, under the article sued on, the company would not be bound to build any. The difference in the meaning of the absolute and qualified terms above mentioned is this: In one, the company say they will build machine shops at Fort

Wayne; in the other, they say they will build them, if they deem it necessary to do so.

Without, therefore, insisting upon the construction of Drover's letter to Cary, that the improvement was to be erected (which, taking the two letters together, we think is the reasonable one), the terms of subscription, on the point we have named, are so essential a departure from the terms of Cary's authority, as to render his signature of Drover's name to it inoperative and void as to him.

The court erred in overruling the motion for a new trial. The verdict was not sustained by the evidence.

The judgment is reversed, with costs, and the cause remanded for a new trial, etc.

Petition for a rehearing overruled.