### FIRST NAT. BANK OF OXFORD v. TURNER et al.

(Supreme Court, Special Term, Chenango County. January 20, 1893.)

1. NOTE EXECUTED BY AGENT—ACTION ON—PLEADING.
    In an action on a note in the usual form, signed "T., Agt.," the complaint averred that T. "was the lawful agent of the defendant J., and, as such agent, had the control, direction, and management of all her business transactions;" that he, "as such agent aforesaid, heretofore made" the note sued on; and that he made it "as such agent for the said defendant J., under and by the direction and authority of the said J., and in the due management and control of her said business, and for the benefit of said business." *Held,* that the complaint was not sufficient to charge J. as maker, since there was no allegation that the note was made by J., or that she authorized or directed T. to make it, or afterwards ratified it, or any allegation from which such inference could be legally drawn.

2. SAME—JOINDER OF PARTIES.
    Where it is claimed that, in the execution and delivery of a note, the maker acted as agent for another, an action thereon cannot be maintained against both the alleged principal and agent.

Action by the First National Bank of Oxford against Charles L. Turner, agent for Julia A. Turner, and Julia A. Turner and others. Defendant Julia A. Turner demurs to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action against her. Sustained.

John R. Glover, for plaintiff.

H. C. Stratton, for defendant Julia A. Turner.

FORBES, J. This is an action upon a promissory note. The complaint in form states upon information and belief:

"That the defendant Charles L. Turner was on the 19th day of January, 1892, the lawful agent of the defendant Julia A. Turner, and, as such agent, had the control, direction, and management of all her business transactions. That the said defendant Charles L. Turner, as such agent aforesaid, heretofore made his promissory note in writing, of which the following is a copy:

" '$250.00/100                                           Jan'y 19th, 1892.

" 'Sixty days after date, I promise to pay to the order of A. R. Brown & Co. $250.00 at the Sidney Nat. Bank of Sidney. Value received.

" 'C. L. Turner, Agt.' "

After an allegation of the delivery of said note to Brown & Co., an averment of their copartnership indorsement and delivery to another defendant, and his indorsement and delivery of the note to the plaintiff in this action, followed by an allegation of the ownership of said note, the complaint continues as follows:

"That the said note, as the plaintiff is informed and believes true, was made by the said defendant Charles L. Turner, as such agent, for the said defendant Julia A. Turner, under and by the direction and authority of the said Julia A. Turner, and in the due management and control of her said business, and for the benefit of said business."

Then follows the averment of the note falling due, the presentation and demand of payment, the refusal, the protest, and the service of notice upon each of the defendants, except the defendant Julia A. Turner. This allegation is followed by an allegation of the nonpayment of said note, or any part thereof. The demand for judgment is made against all of the defendants. To this complaint a demurrer was served by the attorney for Julia A. Turner, specifying as a particular ground for demurrer that "the defendant Julia Turner objects and demurs to the plaintiff's amended complaint herein, on the ground that the said amended complaint does not state facts sufficient to constitute a cause of action as against the said defendant Julia A. Turner."

It will be observed that the action is brought against the alleged agent, Charles L. Turner, as well as against the principal of said agent, Julia A. Turner. The first question raised upon the demurrer is that the note is in law the note of Charles L. Turner, and that the letters "Agt." upon the instrument are merely descriptive of the person, and that there is nothing upon the face of the note charging the defendant Julia A. Turner with any liability upon said note, or any obligation to pay the same. De Witt v. Walton, 9 N. Y. 571. It will be seen by a reference to the complaint that there is no allegation therein that the defend-

:ant Julia A. Turner made, executed, or delivered said note to the payees, nor is there anything upon the face of the note authorizing its execution by Charles L. Turner, as the agent for said defend-:ant. The only averment of the execution and delivery of said note is that Charles L. Turner executed and delivered the same as the :agent of the defendant Julia A.; so that, upon the face of the complaint, the note was the contract of Charles L. Turner individually, :and, had the averments of the complaint rested here, a cause of .action would not have been shown to exist against the defendant -Julia A. Turner. Whether the allegations of agency are sufficient in law to bind the defendant Julia A. Turner as principal and maker of said note must depend upon the other facts alleged in said· ·complaint, and the true test is, is there any allegation specifically ·stated from which such an inference can be legally drawn? That the attorney for the plaintiff undertook to show authority · and ·direction on the part of Charles L. Turner to execute and deliver the instrument in question is clearly shown by the averments which I have quoted, but the difficulty seems to be that he fails to comprehend the real question in issue. The complaint seems to have been drawn upon the theory that authority and direction from the ·defendant arose from the relations in business between Charles L. Turner and Julia A. Turner; and, from the statement of those relations in the complaint, the pleader draws the conclusion that the authority to make and deliver said note was given. In other words, the pleader undertakes to show that on the 19th day of ·January, 1892, Charles L. Turner was the lawful agent of Julia A. Turner, and, as such agent, had the control, direction, and man-.agement of all her business transactions, and that, being such agent, under and by the directions and authority, in the due man-.agement and control of her business, and having in mind the benefit to her business, he executed and delivered, in his own name, the promissory note in question, attaching to his name, for the purpose merely of description, the letters "Agt." There is no allegation in the complaint, therefore no inference can be drawn from it, that the note is the note of the defendant Julia A. Turner, or that she authorized or directed the defendant Charles L. Turner to make it, except as that authority was derived from his management of her business; and the inference that it was made under her direction and authority is not warranted by the facts stated in the complaint. There is no averment in the complaint that it was made with her knowledge or at her request, nor are any facts stated in the complaint from which the conclusion drawn by the pleader that it was made by and under her direction can be upheld. It is perfectly plain to me that the declaration "that the note was drawn under and by her direction and authority" was in the mind of the pleader, and was derived from the authority to carry on, manage, and control the defendant's business. If there had been any direct authority, or any pretense of direct authority, the language would have been clearly stated that the note was executed at the defendant's request, with her knowledge and con-

sent, as her note, or that it was undertaken by the agent in the due course of her business, and that it was subsequently brought to her knowledge, and that she ratified the act as her own. This seems to me to be perfectly clear as showing that the authority and direction suggested in the complaint is a conclusion of law, and not a statement of fact. I have examined with some care the cases cited by the plaintiff to uphold the position which he undertakes to maintain. The strongest case cited by him, and the one most nearly parallel with the case at bar, is Moore v. McClure, decided in the fourth department, and reported in 8 Hun, at page 557. This was a note made by "John S. McClure, Agent." The action is against C. Ceresa McClure, and was sustained, upon the ground that the complaint alleged that "the defendant, by her agent, made and delivered her promissory note, in writing." In the case at bar there is no pretense, upon the face of the complaint, that the defendant Julia A. Turner made and delivered her promissory note, but the allegation is direct that Charles L. Turner made and delivered his promissory note, in which he promised to pay the debt suggested by the instrument delivered. In the Moore Case it was held that, under the allegation "that the defendant made and delivered her promissory note," it would be competent to show that the person who signed the note was duly authorized by her to do so, and the court reversed the special term, where the demurrer was sustained, and overruled the demurrer, for the reason that the averments in the complaint were sufficient to show the execution and delivery of the note "by the defendant herself." The count in that complaint reads as follows:

"And for a second and further cause of action, the plaintiff alleges that on the 7th day of January, 1875, the said defendant, by J. S. McClure, her said agent, made and delivered to this plaintiff her promissory note in writing, of which the following is a copy."

Then follows the note in form, signed by "McClure, Agent." In the case last cited the complaint contained the averment that the note was given by said McClure to plaintiff for and as the agent of said defendant, and that the said note was given by said defendant, by her said agent, for and on account of goods, wares, and merchandise theretofore sold and delivered by said plaintiff to said defendant. Talcott, J., in writing the opinion, overruling the demurrer, says:

"We think the count is sufficient. It avers that the defendant, by her agent, in consideration of goods sold and delivered to her, made her note. The statement that it was made by her agent was unnecessary and superfluous. The allegation that the defendant made her note, when it appears to have been in fact signed by another party, necessarily includes the allegation that such other party was duly authorized to make the note in behalf of the defendant, and, under it, proof could have been given and would be requisite to establish that it was in fact the note of the defendant by proving the authority of the agent to make the note in her behalf. * * * It cannot be true that she made and delivered her note, unless the agent was duly authorized to make and deliver the note in her behalf."

All of the averments in the complaint with reference to the agency of Turner for the defendant may be taken as true, and still

no authority is pleaded for the execution of the instrument in question as her note. It does not necessarily follow because he transacted her business, and managed her affairs, and she was benefited by such management, that the agent had authority to make, deliver, and bind the defendant by a promissory note which she had not specially authorized. It was held in the case of Barker v. Insurance Co., 3 Wend. 94, "that a note by which J. F., as president of an insurance company, promises to pay a certain sum, is not the note of the company, but of the maker alone." In that case the first count in the declaration set forth the fact of the incorporation of the company, and "that one John Franklin, being the president of said company, and being thereunto duly authorized, and acting within the scope of the legitimate purposes of the company, made a certain promissory note, and then and there delivered the same," etc., and upon demurrer this allegation was held to be bad. In the case of Pentz v. Stanton, 10 Wend. 271, it was held that where the agent of a manufacturing establishment bought a quantity of dyestuffs for the use of the factory, without disclosing the name of his principal, and the bills of goods were made out, "Mr. A. B., agent, bought of," etc., and he drew a bill of exchange on a third person, signing it "A. B., Agent," in an action to recover the price of the goods against the principal the principal could not be charged as drawer of the bill by his agent, the name of the principal not appearing on it, but that the plaintiff was entitled to recover under a count for goods sold. In the case of De Witt v. Walton, 9 N. Y. 571, it was held "that where one H. had authority, as agent, to bind the defendant, under the name of 'The Churchman,' the defendant was not liable upon a note given by such agent, and signed 'D. H., Agent for The Churchman,' but containing no further expression of an intention to bind the defendant; that such a note did not purport to be the note of 'The Churchman,' but of H.; and that the words 'Agent for The Churchman' were mere words of description."

There are two classes of cases which seem to be within the rule that an agent cannot bind the principal by an instrument signed by himself, without disclosing the name of the principal. One is a contract under seal. Kiersted v. Railroad Co., 69 N. Y. 343; Schaefer v. Henkel, 75 N. Y. 378. The other is upon negotiable paper. In the case of Pumpelly v. Phelps, 40 N. Y. 59, Mason, J., says:

"To exempt a party contracting from personal liability, he must so contract as to bind those he claims to represent; and the fact that he describes himself as 'Trustee' in signing the instrument does not relieve him, or change the effect of his agreement."

In the case of Briggs v. Partridge, 64 N. Y. 357, Andrews, J., says:

"There is a well-recognized exception to the rule in the case of notes and bills of exchange, resting upon the law merchant. Persons dealing with negotiable instruments are presumed to take them upon the credit of the parties whose names appear upon them, and a person not a party cannot be charged upon proof that the ostensible party signed or indorsed as his agent."

In the case of Bank v. Griswold, 72 N. Y. 472, the bill of exchange was made by Loveland, but in that case he left with the plaintiff a power of attorney from the defendant, which power is shown in the complaint, authorizing Loveland, "as my agent, to make drafts on me from time to time, as may be necessary, to purchase lumber on my account." In that case it was held that the authority was ample, but the complaint was framed upon the theory of charging the defendant as acceptor of the bill of exchange. Church, C. J., in writing the opinion of the court, says: "If it was sought to make the defendant liable as a drawee, a question might be made that his name does not appear upon the paper,"—and cites the case of Briggs v. Partridge, 64 N. Y. supra, to sustain the position. The action at bar is upon a promissory note, and is not based upon the authority of the agent, clearly defined, to execute it. In the case of Bank v. Westcott, 118 N. Y. 468, 23 N. E. Rep. 900, the contention arose as to the authority of Dixon to sign a check of the Westcott Express Company, and draw money thereon. It was admitted that Dixon was the agent of the company, and that he did their business. Bradley, J., says:

"That the check, properly indorsed, was presented to the plaintiff by Dixon as the agent of the defendant company, does not necessarily furnish the inference of indorsement by the company. But it is urged that, inasmuch as Dixon was the agent of the company, and presented the check as such for payment, his indorsement must or may be that of his principal. He indorsed his name upon it without anything to indicate that he made it other than individually. It may be that, if he had added the word 'Agent' to his name, it may have been properly shown to have been done by him as such agent, and the indorsement treated as that of his company, upon evidence being given of his authority to make it. Nothing appears in any manner upon the paper characterizing the indorsement of Dixon as made in a representative capacity, or his purpose to make it, and it would be unduly extending the rule to charge another party in such case as indorser of commercial paper, nor does it appear that Dixon as such agent had any special authority to do either, or any authority in that respect other than such as arose from his relation as agent."

It will be seen that the averments in the complaint entirely fail to show any special authority in Charles L. Turner to make and deliver this note for the defendant. Again, the complaint upon its face shows that the pleader had doubt of the authority of the agent to bind the principal in this case. The action is brought against the agent, as well as against the principal, and the plaintiff seeks to charge the alleged principal and the alleged agent for one and the same liability. The pleader makes both of these persons parties, and demands judgment against both. This is so, or it is intended to sue and maintain the action only against Charles L. Turner, the agent, and no service of process should have been made upon the defendant Julia A. Turner. No question can be raised by Charles L. Turner of his individual liability, and the complaint is grossly defective in this respect if the attempt is to charge Julia A. Turner, as principal, with liability under this pleading. The action cannot be maintained against both. The plaintiff is entitled to enter judgment against Charles L. Turner upon his default.

In the case of Tuthill v. Wilson, 90 N. Y. 423, Finch, J., says:

"The appellant's idea seems to be that Wilson's alleged contract of purchase somehow survived its subsequent fulfillment, and, having been made by agents, acting for an undisclosed principal, the seller has a remedy against both. In suing the agent, as he did, and failing to get satisfaction, he has a remedy against the discovered principal. We do not see how the facts of the case admit of any such proposition; but, if they do, if it were possible to say that a right of action for the unpaid purchase money of the land remained to Tuthill, against Thorn and Mrs. Moffat, as agents who have become personally liable, and also against Wilson, as the undisclosed principal, a fatal difficulty remains. The vendor could not enforce his claim against both the principal, when discovered, and the agents who contracted in his behalf. Granting that each was liable, both were not, for both could not be at one and the same time, since the contract could not be the personal contract of the agents, and yet not their contract, but that of the principal. The vendor had a choice, and was put to his election."

In the case of Meeker v. Cleghorn, 44 N. Y. 349, Earl, J., says:

"Where the purchaser of goods upon credit is known to the vendor to be the agent of a known principal, the principal alone is responsible, unless credit is given exclusively to the agent, in which case the agent is alone responsible."

The demurrer must therefore be sustained, with costs. The plaintiff's attorney, however, may have leave to again amend his complaint upon payment of the costs of this action and $10 costs for leave to amend, if done within 20 days after service of the interlocutory judgment.