Davis *et al. v.* Talbot, Receiver.

Filed March 28, 1894.

————◆————

No. 16,674.

Davis et al. *v.* Talbot, Receiver.

PLEADING.—*Complaint.— Specific Performance.—Deed.—Escrow.—Exhibit.*—In an action by a receiver for specific performance of a contract for conveyance of lands, where the complaint alleged that as a part of the agreement of the parties the defendants made and acknowledged a deed for the property, and deposited the same for delivery upon payment of the agreed price,—not the deed, but the contract, was the basis of the action; and the deed could not be a proper exhibit, or part of the complaint.

SAME.—*Complaint.—Authority of Receiver to Sue.*—In such case, where the complaint alleges a direction from the court to sue and enforce the contract, sufficient authority is shown in the receiver to maintain the action.

PRINCIPAL AND AGENT.—*Special Agent.—Power to Bind Principal.— Specific Performance.—Conveyance.*—Where a special agent was appointed to collect subscriptions, upon payment of the full amount subscribed, the principal had agreed to convey certain land to a creamery company, the company, or the receiver thereof, can not enforce specific performance of conveyance under an agreement between such agent and the solvent subscribers, that if the solvent subscribers to the contract would pay the amount of their subscriptions, the principal would execute to said company a deed of conveyance for said premises and assume the amount of the subscription of the insolvent subscribers, where it does not appear that such agent had authority to make such contract, nor that his acts in relation thereto had been ratified.

From the Montgomery Circuit Court.

*P. S. Kennedy, S. C. Kennedy, B. T. Ristine* and *T. H. Ristine,* for appellants.

*J. Wright* and *J. M. Seller,* for appellee.

HACKNEY, J.—This was a suit by the appellee, as receiver of the Ladoga Creamery Company, against the appellants, to enforce specific performance of a contract for the conveyance of a small tract of land. One of the allegations of the complaint is that as a part of the agreement of the parties the appellants made and acknowledged a deed for said property and deposited the same for delivery upon payment of the agreed price. It is urged by the appellants that this was a contract in writing, and should have been made the basis of the action under R. S. 1881, section 362. The deed, if delivered, would have been but the evidence of title, and whether delivered or not could not have been the contract for its own execution, and was therefore not the basis of the action. It is further objected that a receiver has no authority to maintain such an action. By section 1228, R. S. 1881 (section 1242, R. S. 1894), the authority of a receiver to sue and to perform other acts respecting property is under the control of the court.

The complaint alleges a direction from the court to sue and enforce the contract here involved. The right of the creamery company was suspended by the appointment of the receiver, and could not be enforced by the company. *Davis* v. *Ladoga, etc., Co.*, 128 Ind. 222. The power to sue could then only rest in the receiver by the authority of the court. We conclude that the complaint is not subject to the objections made against it.

Upon the trial the court found the facts, specially stating its conclusions of law therefrom, and rendering a decree in favor of the appellee thereon.

The following facts were found: On the 22d day of March, 1886, the appellants entered into an executory contract with a number of persons to erect and equip a creamery according to certain plans and specifications, for the sum of five thousand dollars to be raised by subscription

and paid to the appellants upon the completion of said creamery; that thereafter said persons, with Sutherlin and Clements, severally contracted in writing to pay said sum.

At that time the real estate upon which the creamery was to be erected was not identified, but became so by the erection of the creamery upon the lands described in the complaint. Appellants completed the creamery according to the contract, and delivered possession to said obligors, which was accepted upon the condition that a deed be made for said lands. Thereupon the appellants appointed a special agent to collect the subscription money for the erection of said creamery, and it was discovered that two of the subscribers, whose aggregate subscriptions were six hundred dollars, were insolvent. It is further found that thereafter the appellants made a deed for said land and deposited the same in a bank with instructions to deliver the same to the creamery company on payment of the full amount of the subscriptions; that, after the appointment of said special agent, the solvent subscribers to said contract refused to pay their subscriptions unless the appellants would convey the lands to the creamery company "and look to the insolvent subscribers personally for their subscriptions, and that thereupon said agent contracted and agreed with said solvent subscribers to said contract, that if they would pay the amount of their subscriptions to said contract, Davis & Rankin would execute to said creamery company a proper deed of conveyance for said premises, and assume the amount of said subscription of said insolvent subscribers themselves, and that thereupon, and induced thereby, said solvent subscribers paid the amount of their subscriptions, which money so paid to said agent was by him paid over to his principals, Davis & Rankin, who still retain the same." The solvent subscribers organized themselves into the Ladoga Creamery Company,

which company and the receiver thereof have been in possession under said contract. The receiver was authorized to prosecute this action. Upon these facts the court concluded that the appellee should recover.

The appellants deny the sufficiency of the facts specially found to warrant a decree in favor of the appellees for the reason that it appears that the obligation of the subscribers to pay five thousand dollars has not been performed, six hundred dollars thereof not having been paid, and that it does not appear either that the special agent to collect the subscriptions had the authority to make the contract to release the solvent subscribers from liability for the subscriptions of the insolvent subscribers, or that the appellants ratified the agent's contract so made.

A special agent is one who has authority to perform one or more special acts with particular instructions or within restrictions necessarily implied from the act to be done. *Blackwell* v. *Ketcham*, 53 Ind. 184; *Cruzan* v. *Smith*, 41 Ind. 288; *Berry* v. *Anderson*, 22 Ind. 36; *Reitz* v. *Martin*, 12 Ind. 306; *Pursley* v. *Morrison*, 7 Ind. 356.

An agent to collect has only authority to receive payment, and possibly an implied power to sue, but can not bind his principal by agreements short of an actual collection. *Kirk* v. *Hiatt*, 2 Ind. 322; *McCormick* v. *Walter A. Wood, etc., Co.,* 72 Ind. 518.

When a special agent exceeds his authority, and his act is not ratified by the principal, such act is not binding upon the principal. *Robinson* v. *Anderson*, 106 Ind. 152; *Rich* v. *Johnson*, 61 Ind. 246; *Drover* v. *Evans*, 59 Ind. 454; *Blackwell* v. *Ketcham, supra; Berry* v. *Anderson, supra; Reitz* v. *Martin, supra.*

A party dealing with a special agent is required to know the extent of the agent's authority (*Blackwell* v. *Ketcham, supra; Berry* v. *Anderson, supra*), and the

burden is on the person dealing with such agent outside the legitimate scope of the agency to show affirmatively the permission of, or ratification by, the principal. *Runyon* v. *Snell,* 116 Ind. 164.

The delivery of the deed in *escrow* is not shown to have been with a knowledge by the appellants of the agreement of the special agent, nor is it shown to have been an occurrence following said agreement of the special agent, in point of time. No other act of ratification appears, unless it can be said that the acceptance and retention of the money of the solvent debtors could be properly so considered, but before such acts can be held a ratification it must appear that the acceptance or retention was with knowledge of the agreement so in excess of the agent's authority. Even in the event of such showing, it is doubtful if they would be estopped to deny the agreement of the agent since the obligation performed by the subscribers was but the measure of their liability and the extent of the appellee's just demands.

We conclude, therefore, that the facts found were insufficient to sustain the court's conclusion of law, and the judgment is reversed, with instructions to sustain the appellants' exceptions to the conclusions of law, and, as manifest injustice would be done the appellees to render judgment for the appellants upon the facts found, a new trial is ordered.

Filed Mar. 29, 1894.