# Lucas v. Rader.

[No. 3,893.  Filed June 6, 1902.]

PRINCIPAL AND AGENT. — *Sales.* — *Replevin.* — *Evidence.* — Plaintiff brought suit to replevin a set of law reports which he had left in the office of an attorney.  The evidence showed that plaintiff stated to the attorney with whom he left the books that if he should find a prospective buyer to notify him by letter and he would name a price, and that he did in a letter to the attorney name a price.  A student in the office sold the books to defendant at a price less than that named by plaintiff, claiming that he was authorized by the attorney to sell the books at a higher price, but that the attorney was indebted to him for money borrowed, and he made up the difference in order to collect his debt. The attorney denied that he told the student to sell the books. *Held,* that the evidence was insufficient to sustain a verdict for defendant.  *pp. 287–291.*

SAME.—*Appointment of Subagent.*—The appointment of a subagent by an agent is not binding upon the principal unless authorized expressly or by implication, or afterwards ratified.  *p. 290.*

SAME.—*Possession.*—*Bailment.*—*Sales.*—A bailee of law books, with authority to sell the same at a price fixed by the owner, is not entitled to possession as against the principal so as to defeat a replevin suit by the principal against an alleged purchaser. *pp. 291, 292.*

From Marion Superior Court; *J. M. Leathers,* Judge.

Suit by Francis C. Lucas against John H. Rader to replevin a set of Indiana Supreme and Appellate Court Reports.  From a judgment for defendant, plaintiff appeals.  *Reversed.*

*J. Stevenson,* for appellant.

*J. H. Rader* and *F. F. Moore,* for appellee.

COMSTOCK, J.—Appellant, plaintiff below, brought this action in replevin to recover from the appellee a set of the Indiana Supreme and Appellate Court reports.  Appellant gave bond and took possession of the books.  The defendant answered by general denial.  The cause was tried by jury and verdict returned in favor of appellee,—that he was entitled to the possession of the property described, and naming

their value.   With the general verdict answers to interrogatories were returned.  A motion for judgment on the answers to interrogatories notwithstanding the general verdict was overruled, and judgment rendered in accordance with the general verdict.   Appellant relies for a reversal of the judgment upon the reason, set out in his motion for a new trial, that the verdict is not sustained by sufficient evidence.

The following is a fair summary of the evidence:   Appellant, a practicing attorney in the city of Indianapolis, desiring to engage in other work in the city of New York, before leaving for that city left in the care and office of Patrick J. Carlin, another practicing attorney in Indianapolis, the set of law books mentioned in plaintiff's complaint, stating, before leaving for New York, to the said Patrick J. Carlin that he would sell the law books if he could get his price, and that if he (Carlin) should find a prospective buyer, to notify him by letter, and he would name a price, and that he did, in a letter to Carlin, name various prices, the lowest being $280, the highest being $350.   And that at no time had the said Carlin authority to name a price upon said books, or to dispose of the same otherwise than as directed by the said appellant; that the said Carlin was an attorney, regularly engaged in the practice of law in the city of Indianapolis, and not in any way engaged in the buying and selling of law books; that he only took possession of the books as a matter of accommodation to the appellant until such time as the appellant might otherwise dispose of them.   Both Carlin and appellant testify that Carlin was not the agent to sell or name a price for the books, but only had possession as a bailee, and Carlin testified that he never sold or delivered the said books to the appellee, or approved or confirmed the sale afterwards. And both appellant and Carlin testified that they have at no time since approved the sale to appellee.   That Carlin had in his office at the time a law student by the name of Brennan, to whom he was indebted in the sum of $225, bor-

rowed money, for which he had given his notes,—the said notes the said Brennan now holds against the said Carlin. Carlin testifies that he at one time directed Brennan to sell to the appellee his (Carlin's) books, and that he (Carlin) would take appellant's books.

Brennan testifies that he was directed by Carlin to sell appellant's books to appellee, but not at the price he did actually sell them for, but that he made up the difference in the actual selling price to Carlin to make the amount that he testified that Carlin directed him to sell them for. Carlin denies that he told Brennan to sell the books. Brennan did, afterwards, at Rochester, New York, give his check to Carlin for $15, but retained Carlin's notes, stating that Carlin now owed him nothing. Brennan, at the time that he sold appellant's books to the appellee, stated to and made affidavit to appellee that he represented appellant, and signed the bill of sale as the agent of the appellant, but afterwards, in his deposition, testified that he was only acting as the clerk and representative of Carlin, and not appellant. Brennan afterwards, at the taking of Carlin's deposition, acted as the attorney and representative of the appellee, not as agent or attorney for the appellant, cross-examining Carlin when deposition was taken, which was afterwards introduced as evidence to support the appellee's claim. Appellee testified that he called upon the appellant in the Stevenson building in answer to an advertisement in the Indianapolis Evening News, and that appellant then offered to sell him the said law books at $1.50 per volume; that this call was made about one year before he finally purchased the said books of Brennan. This call and price stated are denied by appellant. Appellee testified that he afterwards saw the books in Carlin's office, and he tried to purchase them of Carlin; that Carlin stated that he had no authority to name a price on the books; that, as to the price, he would have to write to the appellant, as he changed his price

at different times, and that he then had a letter from the appellant naming a different price from that offered by the appellee; and that he called there more than once with the same result; and that after Carlin had departed for the East he renewed the negotiations with Brennan, finally concluding the purchase of the books of Brennan, as the agent of appellant, taking an affidavit and bill of sale from Brennan as the authorized agent of appellant, paying him the sum of $235, part in cash, and balance by check on the Indiana National Bank, payable to the order of Edward E. Brennan, and took possession of the books; that he made no attempt to communicate with the appellant in any way, at any time previous to taking possession of the books.

The evidence shows that Carlin was a special agent. His authority was limited to a sale of the books at a price fixed by appellant. Had Carlin himself sold the books to appellee at the price paid, he would have exceeded his authority, and his principal would not have been bound. *Rowell* v. *Klein,* 44 Ind. 290, 15 Am. Rep. 235; *Fatman* v. *Leet,* 41 Ind. 133, 138; *Cruzan* v. *Smith,* 41 Ind. 288, 298; *Blackwell* v. *Ketcham,* 53 Ind. 184; *Pursley* v. *Morrison,* 7 Ind. 356, 63 Am. Dec. 424; *Reitz* v. *Martin,* 12 Ind. 306, 74 Am. Dec. 215; *Berry* v. *Anderson,* 22 Ind. 36; *Rich* v. *Johnson,* 61 Ind. 246; *Drover* v. *Evans,* 59 Ind. 454; *Robinson* v. *Anderson,* 106 Ind. 152.

But in the case before us the sale was made by a stranger to appellant, and without any authority. If Carlin delegated his authority to Brennan, it was done without right. The appointment of a subagent is not binding upon the principal unless authorized expressly or by implication or afterwards ratified. *O'Conner* v. *Arnold,* 53 Ind. 203. The evidence of Brennan is not sufficient to establish his agency. An agent can not confer authority upon himself. His authority can not be established by showing that he claimed to have the power which he assumed to exercise. Mechem on Agency, §100. *Columbus, etc., R. Co.* v. *Powell,* 40 Ind.

37.  Persons dealing with an agent must ascertain the extent of his authority.  They are put upon their guard to ascertain the fact of his agency and the extent of his authority.  The burden is upon them.  See, also, 1 Am. & Eng. Ency. of Law (2d ed.), 987.  It is the general rule that the agency must be established before the declaration of the agent is admissible.  Appellant neither authorized nor ratified the sale by Brennan.  Appellee was informed by Carlin that he had no authority to fix the price on the books.

Counsel for appellee insist that the judgment can not be reversed, because:  (1)  The evidence fails to show that appellee was in possession of the books in question at the commencement of suit; (2) that, as against appellant, Patrick J. Carlin is entitled to the possession of the books in suit, and appellee, holding under Carlin or not, is entitled to avail himself of Carlin's right in this action; (3) that appellant gave Patrick J. Carlin actual authority *to sell the books* in question, and clothed him with *apparent* authority to sell them *at the price* they actually brought; (4) that Carlin in effecting the sale, employed Edward E. Brennan simply as an instrument, who exercised no judgment of his own, to accomplish what he (Carlin) had previously determined on; (5) that, so long as Carlin retains any part of the proceeds of the sale, appellant can not maintain replevin for the books,—Carlin being his agent.

We can not agree with counsel upon either of these propositions.  The evidence shows that appellee was in possession of the books at the commencement of this action.  The owner of property, as against his agent, is entitled to its possession.  Carlin had no right to the property, except that conferred by appellant.  The evidence is all to the effect that the sale of the books was not authorized for the price at which they were sold; that appellee was informed that appellant reserved the right to fix the price on them; and there is no evidence that appellee was informed that their sale was authorized at the price paid.

It is not a case of secret instructions, nor is it a case of one engaged in the business of selling books having them in his possession and disposing of them in the usual course of business. Whether Brennan acted simply as an instrument who exercised no judgment of his own, to accomplish what he (Carlin) had previously determined on, is immaterial. It is not material because Carlin had no authority to do by himself or authorize what was done. Appellant has received no part of the proceeds of the sale. The evidence fails to show authority of Carlin to receive the money paid him by Brennan.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.