## REEVES & CO. v. MILLER ET AL.

[No. 7,001. Filed June 30, 1911.]

1. BILLS AND NOTES.—*Discharge.—Agency.—How Alleged.*—In a suit on notes and to foreclose a mortgage securing them, an answer that "the duly authorized agent of said plaintiff came to the defendants, and * * * agreed and contracted to take the machinery set out in the plaintiff's mortgage and his complaint herein, in full payment * * * of the debt herein sued on, and * * * that in compliance with said contract said defendants surrendered" such property to such agent, is insufficient, since it fails to show that such agent was authorized to make such a settlement. p. 340.

2. BILLS AND NOTES.—*Discharge.—Agency.—Ratification.—Allegations of.*—In a suit on notes and to foreclose a mortgage securing them, an answer alleging that plaintiff's duly authorized agent agreed to accept the property, for which the notes were given, in discharge thereof, and that the property was surrendered to and accepted by him, the answer further alleging that "the plaintiff has been in full and complete possession and control of said property ever since it was * * * surrendered as above set out," is bad on the theory of ratification, since it fails to show that the plaintiff knew of the conditions of such surrender and possession, the mortgage giving to plaintiff the right of possession in case of a default in payment. p. 342.

3. PLEADING.— *Answer.— Theory.*— A paragraph of answer must proceed upon some definite theory apparent from the general scope and character thereof; and upon such theory it must stand or fall. p. 344.

From Washington Circuit Court; *Thomas B. Buskirk,* Judge.

Suit by Reeves & Co. against Noble Miller and another. From a judgment for defendants, plaintiff appeals. *Reversed.*

*W. R. Baxter, Walter Olds* and *Elliott & Houston,* for appellant.

*M. B. Hottel, W. W. Hottel* and *F. P. Cauble,* for appellees.

LAIRY, C. J.—On August 27, 1906, appellant entered into a written contract with appellees, whereby it sold to appel-

lees a sawmill for $2,625. The contract specifically described the property sold, and provided that appellees should give six notes, of $437.50 each, for the purchase price. It was also stipulated in the contract that the title to the machinery sold should not pass to the appellees, but should remain in the seller until the purchase price was fully paid. It further provided that the seller should have a right to retake possession of the property, in the event it should not be paid for in accordance with the terms of the contract. The contract also contained a warranty of the machinery sold.

On September 1, 1906, appellees executed the notes provided for in the contract, and also executed a chattel mortgage on the machinery purchased, to secure the payment of these notes, which mortgage was duly recorded. The notes were not paid at maturity, and this suit was begun by appellant to collect the notes and to foreclose the mortgage. The complaint was based on the notes and mortgage, and no question as to their sufficiency is raised. The defendant filed an answer in four paragraphs, and as no objection is urged against the sufficiency of any of the paragraphs of answer except the fourth, we omit further reference to the first three. A demurrer for want of facts sufficient to constitute a cause of defense was filed to the fourth paragraph of answer and overruled. This ruling of the court is the first cause relied on for reversal.

The fourth paragraph of answer sets up a contract between appellees and J. H. Holbrook, who was alleged to be the duly authorized agent of appellant, by the terms of which, said machinery was turned over to said agent, on his agreement to release the mortgage and surrender the notes given for the purchase price of said machinery. Appellant insists that the answer is insufficient, for the reason that it does not aver that said Holbrook was acting for and in behalf of appellant in making said contract, and that the answer nowhere alleges that appellant made such contract. The averments of the answer, so far

as they relate to the question presented, are as follows: That on the — day of ———, 190—, and long before the bringing of this suit, J. H. Holbrook, the duly authorized agent of said plaintiff, came to defendants, and by the express agreement and contract entered into by and between said plaintiff's agent and the defendants herein, agreed to take the machinery described in plaintiff's mortgage, in full payment and satisfaction of the debt herein sued on, and to surrender to the defendants said notes, and to release the mortgage securing them; that, in compliance with said contract, said defendants surrendered to plaintiff's said agent the ownership, possession and control of said machinery, and plaintiff's said agent took complete possession and control thereof, asserted ownership, and advertised it for sale, and on the day advertised for said sale to be made, neither said plaintiff nor its said agent came and made sale thereof.

It will be seen that the portion of this paragraph before set out describes Holbrook as the duly authorized agent of appellant, and alleges that the contract therein set out was made with him, and the property turned over to him. These facts may all be true as averred, and still appellant may not be bound by the contract. Holbrook may have been the duly authorized agent of Reeves & Co. at the time he made the contract, but he may not have been acting in its behalf in making it. The answer should have averred that the contract was made with appellant, or that it was made with appellant by and through its agent, Holbrook, who was by appellant duly authorized in that behalf. Some other form of averment might be held sufficient, but whatever form is adopted should show that the agent had authority from the principal to make the contract, and that he acted in its behalf in making it. 16 Ency. Pl. and Pr. 900; *Codding* v. *Inhabitants of Mansfield* (1856), 7 Gray 272; *First Nat. Bank* v. *Turner* (1893), 24 N. Y. Supp. 793; *May* v. *Kelly & Frazier* (1855); 27 Ala. 497.

Appellees contend that this defect in the answer is cured

by the following averment: "Defendants further say that neither collectively nor individually have they ever
2. been in possession or control of said property since it was surrendered and turned over to plaintiff's said agent in full payment of said notes and mortgage, but that plaintiff has been in full and complete possession and control of said property ever since it was turned over and surrendered to it, as before set out."

The latter part of this quotation when considered in connection with the part first quoted, amounts to an averment that appellees turned the property over to Holbrook under the contract entered into with him, and that ever since that time said property has been in the possession of appellant, Reeves & Co. It cannot be doubted, that if Holbrook, assuming to act for Reeves & Co., entered into the contract with appellees, as set out in this paragraph of answer, and took possession of the machinery by virtue of such contract, and thereafter turned it over to appellant, who, knowing the material facts, accepted and retained possession of said property, then said appellant would be bound by said contract, on the ground that it had ratified the act of Holbrook. *Meiners* v. *Munson* (1876), 53 Ind. 138; Story, Agency (8th ed.) §§251-254; *Wilson* v. *Dame* (1878), 58 N. H. 392; *Crowder* v. *Reed* (1881), 80 Ind. 1. Under such circumstances, it would not be necessary to aver or prove that Holbrook had authority from appellant to make the contract at the time it was entered into.

Even though it were proper to consider this paragraph of answer upon the theory of ratification, it fails to state facts sufficient to make it good on such theory. It fails to aver that the possession of said property, ever since it was turned over to the agent, Holbrook, as averred, was taken by appellant, with knowledge on its part of the arrangement by which possession had been obtained from appellees. Even though it be true, as alleged, that appellant has been in possession of said property ever since it was turned over to its

agent Holbrook, this fact would not bind appellant to the terms of a contract of which it had no knowledge. If appellant knew that Holbrook had gained possession of said property by means of some contract, it would probably be incumbent upon it to ascertain the terms of such contract; but if it believed that the possession had been taken by virtue of the terms of the chattel mortgage that it held, then the mere fact that it received and held full and complete control of the property could not be construed as a ratification of any contract made by Holbrook, of which appellant had no knowledge. *Willison* v. *McKain* (1895), 12 Ind. App. 78; *Davis* v. *Talbot* (1894), 137 Ind. 235; *Kelley* v. *Newburyport, etc., Horse R. Co.* (1886), 141 Mass. 496, 6 N. E. 745; Mechem, Agency §148.

In the case of *Willison* v. *McKain, supra,* the court states the rule as follows: "If the principal knowingly appropriates to himself the fruits of his agent's unauthorized act he cannot be heard to declare that it was done without his authority. Neither can he take the benefits and reject the burdens: he must as a rule accept or reject the whole contract. But here, as in other cases, it is indispensable that the principal should have had full knowledge of the material facts, or that he should have intentionally accepted the benefits without inquiry. Otherwise the receipt and retention of the benefits of the unauthorized act cannot be deemed a ratification of it." The Supreme Court of this State, in the case of *Davis* v. *Talbot, supra,* said: "No other act of ratification appears, unless it can be said that the acceptance and retention of the money of the solvent debtors could be properly so considered, but before such acts can be held a ratification it must appear that the acceptance or retention was with knowledge of the agreement so in excess of the agent's authority."

This paragraph of answer is clearly insufficient upon either theory upon which it may be considered. It is quite apparent, however, from the general scope of this answer,

that it proceeds upon the theory that the agent, Holbrook, had authority from Reeves & Co. to make said contract at the time it was made, and that he made it in behalf of said company; and that it does not proceed on the theory of a subsequent ratification of an unauthorized act of the agent. The proceedings at the trial, as disclosed by the record and the finding of the trial court, show that it was so construed by that court. If it were held good upon the latter theory, the evidence would not sustain it upon such theory.

3.    A pleading must proceed upon some single definite theory, which must be determined by its general scope and character; and upon this theory it must stand or fall. *First Nat. Bank* v. *Root* (1886), 107 Ind. 224; *Aetna Powder Co.* v. *Hildebrand* (1894), 137 Ind. 462, 45 Am. St. 194; *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639; *Dyer* v. *Woods* (1906), 166 Ind. 44; *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427.

As the fourth paragraph of answer was clearly insufficient upon any theory, the demurrer thereto should have been sustained.

The judgment is reversed, with directions to sustain the demurrer to the fourth paragraph of defendant's answer, with leave to amend.

Hottel, J., did not participate.