## CALL v. HAMILTON COUNTY.

1. **County**: POWER TO EMPLOY AGENT TO SELL SWAMP LANDS. While a county may have no power to employ an agent to sell its indemnity swamp lands, that duty being imposed by statute upon the board of supervisors, it has the power to employ an agent to find purchasers to whom the county may sell by its proper officers; and for services rendered in that capacity at the county's request the agent may recover reasonable compensation; and he cannot be defeated by the fact that the county had'not the power to sell the particular land in question, if it had a general power to sell such lands.

2. **Pleading**: ALLEGATION OF AGENT'S AUTHORITY. In an action to recover for services rendered to a county, where the plaintiff alleges that he was employed by the county, through an agent, this was a sufficient allegation of employment by the county, and it was not necessary to aver the agent's authority.

*Appeal from Hamilton District Court.*

WEDNESDAY, DECEMBER 12.

ACTION for services in assisting the defendant in making sales of lands. The plaintiff avers, in substance, that in 1880 the defendant was the owner of certain so-called indem-

nity swamp lands; that it employed him through its agent, one Baxter, to find a purchaser for the lands; that he did find such purchaser, and negotiated a sale, which was adopted and completed by the defendant; and that his services were reasonably worth $356.71.

The defendant demurred to the petition upon the ground, in substance, that it does not show that the sale was authorized by a vote of the people of Hamilton county, or that it was made at auction, or that the county was authorized to employ an agent to make a sale; and upon the further ground that the law does not in fact authorize the employment of agents other than county officers to sell indemnity lands. The court sustained the demurrer, and the plaintiff electing to stand upon his petition, judgment was rendered for the defendant for costs. The plaintiff appeals.

*Whiting S. Clark* and *J. H. Call*, for appellant.

*W. J. Covil*, for appellee.

ADAMS, J.—We think that the petition shows a cause of action and that the demurrer should have been overruled.

1. COUNTY: power to employ agent to sell swamp lands. It may be true, as the county contends, that it has no power to employ an agent to sell its lands. But the plaintiff was not employed for that purpose, but quite a different one, and that was to find some one who wanted to buy, and to whom the county through its officers could sell. He might have had, and doubtless did have, greater facilities for finding a purchaser than the county officers had, and was employed for that very reason. While county officers could not divest themselves of the responsibility imposed upon them by law in making the sale, they might aid themselves in matters preliminary to the sale. The statute imposes upon the board of supervisors the care and management of the county property; (Code, § 303;) and, as incident to the exercise of such power, they

may in a proper case employ an agent to aid them.   *Wilheim v. Cedar County*, 50 Iowa, 254.

As to whether the board of supervisors had at the time of the plaintiff's employment the power to sell the particular land in question, we do not inquire.   They may have had, and, under the averments of the petition, they must have assumed to have.   It was for them to know whether they had or not.   The plaintiff was supposed to know simply their general power.   He was not, we think, supposed to have knowledge of specific facts upon which the exercise of their power depended.

The question is raised in argument, though not in the demurrer, as to whether the petition should not have shown

2. PLEADING: allegation of agent's authority.

that Baxter had authority to employ the plaintiff. To this we think it sufficient to say that he might have had, and the averment is that "the defendant    *    *    *    through Baxter    *    *    * did employ the plaintiff."   We do not think that it was necessary to aver more.   Besides, the plaintiff avers that the sale negotiated by him was adopted and completed by the county.

REVERSED.