Beaven v. Phillips.

Case 15—PETITION ORDINARY—May 16.

# Beaven v. Phillips.

APPEAL FROM MARION CIRCUIT COURT.

1. An ASSIGNMENT OF ERRORS which states that the court erred in the instructions it gave to the jury, and in refusing those asked by the appellant, is sufficient without specifying the instructions referred to.

2. A BILL OF EXCEPTIONS can not be regarded as stating the material facts which the evidence conduces to prove where it states merely that " the evidence in the case was conflicting and conduced to show the facts respectively claimed by the parties in the pleadings."

3. An ALLEGED ERROR IN REFUSING INSTRUCTIONS can not be considered in the absence of the testimony.

4. It IS NOT A GROUND FOR REVERSAL upon the appeal of the plaintiff, and in the absence of the testimony, that instructions given are erroneous when considered upon the pleadings, as the appellant may have failed to show that he was entitled to any relief.

5. An ERROR IN OVERRULING A DEMURRER must be excepted to, to authorize a reversal therefor.

6. The APPELLANT WAS NOT PREJUDICED by an order overruling his demurrer to an amended rejoinder, no instruction based upon the pleading having been given.

HILL & RIVES FOR APPELLANT.

(Brief does not discuss the questions of practice decided by the court.)

J. R. THOMAS ON SAME SIDE.

Brief not in record.

JOHN McCHORD FOR APPELLEE.

Appellant can not complain of the overruling of his demurrer to amended rejoinder, as no instruction was based upon that pleading. (Remainder of brief devoted to the discussion of the merits of the case.)

W. E. & S. A. RUSSELL ON SAME SIDE.

1. Error in giving and refusing instructions can not be considered, as the assignment of errors does not point out any instruction given or refused, but assigns, in general terms, error in giving and refusing instructions; nor does the bill of exceptions show that the instructions complained of were all the instructions given or refused in the case.

2. The refusal to sustain the demurrer to the amended rejoinder is not a. reversible error, because not made a ground for a new trial, and because no instruction was based upon the pleading.
(Remainder of brief discusses the merits of the case.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, Richard Beaven, was indicted upon the charge of obtaining goods upon false pretenses. from Phillips & Bro., and after three juries had. failed to agree the indictment was, for some reason not appearing, quashed ; and the grand jury failing to find another indictment, he was discharged. He then brought this action for malicious prosecution against James G. Phillips, who was .a member of the above-named firm.

The assignment of errors neither particularizes the instructions, to the giving of which ·the appellant: objected, nor those asked by him, and refused ; but the general assignment that the court erred in the instructions it gave to the jury, and in refusing those asked by the appellant, is sufficient to call the attention of this court to this alleged error, and. a more strict construction of the rule would often result in injustice.

The defendant, by an amended rejoinder, alleged. that the plaintiff had never paid for or returned the goods he had obtained from Phillips & Bro., and it is urged that the court erred in overruling a demurrer to it ; but the appellant did not except to the ruling, and if he had, yet as no instruction based upon it was given, the action of the court, even if erroneous, was not prejudicial to him.

The court rejected all the instructions offered by

both parties, and gave five in lieu thereof. It is not necessary to review them, or those asked by appellant, in detail.

The bill of exceptions does not state the testimony, nor the facts which the testimony conduced to prove. It only says, that "the evidence in the case was conflicting, and conduced to show the facts respectively claimed by the parties in the pleadings."

The Code of Practice requires that the bill must state the material facts which the evidence conduces to prove, and that a party shall not state his evidence in his pleadings. He must state a cause of action or a ground of defense, but not a detail of the facts. Indeed, it may often be a matter of dispute as to what is really in issue under the pleadings, or what facts are therein stated.

In this instance the bill of exceptions can not, in our opinion, be regarded as stating the material facts which the testimony tended to show; to hold otherwise would countenance too loose a practice, and it, therefore, results that we can not say that the court erred in rejecting any or all of the instructions offered by the appellant, because, even granting that they were proper under the pleadings, yet, for aught shown, there may have been no testimony whatever to support them; and it also results that the instructions which were given can not be viewed by the light of the testimony, and they seem to be supported by the pleadings; but even if they were not, and were erroneous when considered upon the pleadings, yet we could not hold that the appellant was prejudiced thereby, because he was the plaintiff, and

he may have utterly failed to show that he was entitled to any relief whatever.

Judgment affirmed.