KAREN S. SORENSON and JAMES LYLE, doing business as co-partners under the firm name and style of SORENSON & LYLE, *vs.* THE UNITED STATES OF AMERICA.

## September 1, 1908.

*Pleading—Ultimate facts—Evidential facts*: Facts which are the basis of an action and upon the proof of which the right to a judgment depends, must be alleged, but facts which are necessary to prove such basic facts should not be.

*Same—Conclusions of law—Conclusions of fact*: While a conclusion of law should not be pleaded, conclusions of fact may be where they are the ultimate facts of the case and arise from evidential facts.

*Statutory proceedings to collect claims against the government*: Proceedings under the act of March 3, 1887 (1 Supp. R. S. 559) which gives circuit and district courts jurisdiction in actions upon contracts "express or implied with the government of the United States," are not demurrable if they set forth facts from which a contract may be implied, or if the bill can be sustained upon any theory of the case.

*Value of services and materials under parol contracts with the United States*: Parol contracts with the government wholly or partially performed entitle the contractor to the value of his services and materials as upon an implied contract of *quantum meruit,* although the law requires such contracts to be in writing and signed by the parties.

*Pleading—Allegation of interest of the United States in work contracted for*: In suits on such contracts it is not necessary for plaintiffs to allege interest of the United States in the work contracted for.

*At Law*: Demurrer to petition.

*A. G. M. Robertson,* Attorney for Plaintiffs.

*J. J. Dunne,* Ass't. U. S. Attorney, for the Government.

Dole, J.  The plaintiffs brought this action against the United States of America alleging the making of repairs to an American schooner at the request and under the direction of an officer commanding a United States steamship and attached to the United States Naval Station at Honolulu, alleging that he was "duly authorized and acting in the premises for and on behalf of the Navy Department of the United States Government," and alleging further that the reasonable cost and value of the work and material done and furnished in said repairs, pursuant to such employment and directions, is the sum of $1,019.69, which amount is claimed of the defendant.

The defendant demurred to the petition on the ground that it does not set forth sufficient facts to constitute a cause of action against the defendant.  Defendant's counsel makes the following point under the demurrer:  That "the allegation that Lieutenant Niblack was 'duly authorized and acting in the premises for and on behalf of the Navy Department of the United States Government,' states no fact and is the mere opinion or conclusion of the pleader."

There are two kinds of facts which relate to civil proceedings.  First, the fact or facts which form the basis of the action and upon the proof of which the right of a judgment vests. These are called sometimes the ultimate facts and should be alleged.  The other class of facts is those which are accessory to the main fact or which relate to it in such a way as tend to prove it.  These facts, sometimes spoken of as evidential facts, are matters of testimony and need not be alleged in a complaint. *McAllister v. Kuhn,* 96 U. S. 87.

The allegation that Lieutenant Niblack was duly authorized and acting in the premises for and on behalf of the Navy Department of the United States Government is the statement of an alleged fact which in that form, or some other, appears to me to be proper if not absolutely necessary to the complaint, inasmuch as the United States Government must act through

its agents, and this is the mere statement that a certain person was an authorized agent, which would have to be proved. It might have been sufficient if the allegation had been that the United States, through its agent, "employed and directed said plaintiffs," etc. *Call v. County,* 62 Iowa 448. If such an allegation is the conclusion of the plaintiff, that does not necessarily exclude it.

" It is an elementary rule that a bare conclusion of law adds nothing to the value of a pleading, and should be disregarded when the sufficiency of the facts pleaded to constitute a cause of action or a defense is called in question. But this rule does not extend to conclusions of fact. Such conclusions do not render a pleading vulnerable to a demurrer. Ordinarily, it is only necessary to plead the ultimate facts upon which the pleader relies. Such facts, of necessity, are conclusions drawn from intermediate and evidential facts. If the ultimate facts are not stated with sufficient certainty, the remedy is by motion." *Accident Association v. Munson,* 1 L. R. A. N. S. 1071.

The authorities cited by defendant's counsel on this point, so far as I have examined them, refer to conclusions of law.

The statute of March 3, 1887 (1 Supp. R. S. 559) gives the district and circuit courts, within certain limits, jurisdiction to hear and determine all claims "upon any contract, express or implied, with the government of the United States." The act also provides that the plaintiff in any such suit shall file a petition duly verified, etc., which "shall set forth the full name and residence of the plaintiff, the nature of his claim and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered, and praying the court for a judgment or decree upon the facts and law."

Judge Morris, in *Chappell v. United States,* 34 Fed. Rep. 673, 675, commenting on these provisions, said:

" The form of action is not, therefore, material, and such a petition is not demurrable if it sets forth facts from which a contract may be implied, or if it alleges lawful and authorized

acts of the government, not torts of its agents, upon which an obligation to pay damages may be sustained."

Defendant's counsel makes a further point as a ground of demurrer: "The provisions of U. S. R. S. 3744 negative any recovery here."

This statute provides that the Secretaries of War, the Navy and the Interior shall require every contract made by them or their subordinates to be made in writing and to be signed by the contracting parties. However, it is fully established that where a parol contract between private parties and these departments is wholly or partially executed on one side, the party performing will be entitled to recover the fair value of his services and materials as upon an implied contract for a *quantum meruit.* *Clark v. United States,* 95 U. S. 539, 542; *St. Louis A. Co. v. United States,* 191 Id. 159. The form of action in this case combines the elements both of a *quantum meruit* and a *quantum valebat.*

Defendant's counsel contends, however, that these authorities do not apply to this case because no privity appears between the defendant and the schooner alleged to have been repaired under its direction and request. It is not necessary that such privity should be shown by the plaintiffs; it might be difficult if not impossible for them to show it directly. It may well be implied from the allegation of the engagement of plaintiffs as other elements of the contract may be implied under the statute.

The rule in equity that a general demurrer will be overruled unless it appears that upon no possible state of the evidence can a decree be made, applies here. *Failey v. Talbee,* 55 Fed. Rep. 892; *Darrah v. Boyce,* 62 Mich. 480.

The demurrer is overruled.