CASE 86.—ACTION BY MARY GAMBRELL AS ADMINISTRA-
TRIX OF FRANK GAMBRELL, DECEASED, AGAINST
FRANK GAMBRELL TO RECOVER PERSONAL
PROPERTY.—December 2.

## Gambrell v. Gambrell

Appeal from Knox Circuit Court.

H. C. FAULKNER, Circuit Judge.

Judgment for plaintiff, defendant appeals—Affirmed.

1. Review—Want of Bill of Exceptions.—In the absence of a bill of exceptions and evidence, it will be presumed that the evidence and instructions authorized the verdict rendered, and the court will review the sufficiency of the pleadings only.

2. Detinue—Verdict—Conformity to Pleadings.—Under Civil Code Prac., section 388, providing that, in an action for possession of specific personal property, plaintiff may have judgment for its delivery, if it can be had, and, if not, for its value and for damages for the detention, a petition praying for judgment for the recovery of certain articles and also for $249 for property disposed of and for damages in the amount of $50 for the detention of said property was sufficient to support a verdict for $300.

3. Reversal—Amount of Recovery—Trivial Excess.—Where a verdict is for $300, instead of $299, the error of $1 is too small to authorize reversal.

4. Record—Bill of Exceptions.—Instructions of the lower court

Gambrell v. Gambrell.

cannot be reviewed where not made part of the record by a bill of exceptions.

5. Detinue—Verdict.—In an action of claim and delivery, if the chattels described as in the possession of defendant are surrendered to plaintiff before or at the time of the trial, or if the proof shows that they were the property of defendant and not the property of plaintiff, it is not necessary for the jury to find concerning such articles, though it is the better practice to so find if the property belongs to defendant.

6. Detinue—Verdict.—In an action of claim and delivery, the verdict need not award to plaintiff such articles as have been disposed of by defendant.

7. Harmless Error—Error Favorable to Appellant—Verdict.—Defendant in an action of claim and delivery cannot complain that the jury failed to award plaintiff certain of the articles claimed, where it does not appear that they were taken out of defendant's custody by the writ.

8. Trial—Verdict—Objections.—Where the verdict in an action of claim and delivery fails to award the property alleged to be in defendant's possession, he should move to have the jury make a more complete verdict, and he cannot wait until the jury is dismissed, and then avail himself of the error.

JOHN H. WILSON for appellant.

S. A. SMITH and W. R. LAY for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Affirming.

Appellee brought this action of claim and delivery (detinue) against appellant for the recovery of certain mules, cows, wagons, hogs, and other chattels which she alleged belonged to her intestate's estate. Each article was described and valued as required by the Code of Practice. The petition also alleged that certain of the articles named, and valued at $249, had been disposed of by appellant, so that they could not be found. She prayed judgment for a recovery of the articles on hand, and for $50 in damages for the detention of the property. Appellant denied ap-

pellee's ownership of the property, and put in issue
its value and the damages sustained by her for its
detention.    The answer further pleaded that the in-
testate had in his lifetime sold the property to appel-
lant, who claimed it by virtue of that sale.    The
result of the trial before a jury was a verdict for
appellee for the sum of $300 in money.

Appellant within three days moved the trial court
to grant him a new trial.    The only ground then
asserted that can be reviewed upon this appeal was
the failure of the jury to designate the specific prop-
erty to be returned to the plaintiff and its value, and
the damages awarded, if any, for its detention.    The
motion for a new trial was overruled.    Time was
taken to prepare and file a bill of exceptions, but
the bill was not filed.    The appeal prosecuted from
the judgment therefore presents but the single ques-
tion whether the judgment is authorized, or might
be authorized, by the pleadings.    For, in the absence
of a bill of exceptions and evidence, it will be pre-
sumed that the evidence and instructions authorized
the verdict rendered, provided the state of pleadings
do.    Section 388, Civ. Code Prac., upon the manner
of giving judgment, reads: "In an action for the
possession of specific personal property, the plaintiff
may have judgment for its delivery, if it can be had,
and, if not, for its value and for damages for its
detention.    *    *    *"    The petition in this case con-
tained this prayer for relief: "Wherefore the plain-
tiff, Mary Gambrell, prays judgment against the
defendant for the recovery of said mule, wagon, and
harness.    She prays for judgment against him for
$249 for the property he has heretofore disposed of
—one mule, steer, and four hogs—for damages in
the amount of $50 for the detention of said property,

Gambrell v. Gambrell.

for her cost herein expended, and for all proper relief.'' We cannot know from this record what facts were developed at the trial. It may have been that the mule, wagon, and harness which were alleged to have been in the possession of the defendant when the petition was filed had been surrendered by him to the plaintiff at the time of the trial, in which event there would have been nothing left on that score for the jury but to assess the damages for the detention of the property; or it may have been that the evidence showed that plaintiff was not the owner or entitled to the possession of these articles. At the same time, it may have shown that the articles missing were the property of the plaintiff to which she was entitled to the immediate possession, and that the reasonable damages for their detention was $50, and their value as claimed. In the latter event, the jury's verdict should have been for $299. The error of $1 in assessing the amount in the verdict is too small to be noticed as a ground for reversal.

Copied into the record are what purports to be instructions presumably given on the trial. But these we cannot notice. They were not made part of the record by bill of exceptions or otherwise. Meaux v. Meaux, 81 Ky. 475, 5 Ky. Law Rep. 548; Forest v. Crenshaw, 81 Ky. 51, 4 Ky. Law Rep. 596; Meador v. Turpin, 4 Metc. 94; Higgins' Adm'r v. L. & N. R. R. Co., 38 S. W. 876, 18 Ky. Law Rep. 899; Tinsley v. White, 54 S. W. 169, 21 Ky. Law Rep. 1151. Nor, in the absence of a bill of exceptions, can the appellate court inquire into the propriety or correctness of the instructions that may have been given. Beaven v. Phillips, 83 Ky. 88, 7 Ky. Law Rep. 9. If the fact was that the chattels described as on hand when the petition was filed were surrendered to

the plaintiff before or at the time of the trial, or if the proof showed they were the property of the defendant, ·or not the property of the plaintiff, it was not neces- sary for the jury to find in their verdict concerning such articles, except that, in the instance next to the last supposed, it would have been better practice to have had the jury do so. But, as to the articles alleged in the petition to have been disposed of, it was need- less for the jury to award· them specifically to the plaintiff. They were gone. Code Civ. Prac. section 388, expressly allows the verdict and judgment to be for the value of the articles not to be had; and, as to the damages, they might without impropriety have been included in the general award of money. In such aspect there is no error in the form of the ver- dict. But, if the fact be that the evidence was such as to have warranted a deliverance by the jury as to the mule, wagon, and gears alleged to have been on hand, the failure of the jury to do so is a matter of complaint on the part of the plaintiff, as it does not appear that they were taken out of the defendant's custody by the writ. But, even if they had been taken from the defendant by the sheriff under the order of delivery, the defendant should have moved the court when the verdict was returned to have the jury make a more complete verdict. By waiting till the jury was dismissed he could not avail himself of an error which was as much to the plaintiff's hurt as his in order to wrest from her a verdict otherwise unassailable. This record fails to show that appel- lant has been prejudiced in the slightest by the al- leged error of which he complains.

Judgment affirmed.