## Tyler v. Woerner.

(Decided May 5, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. Appeal—Absence of Bill of Exceptions—Review.—Where the record contains no bill of exceptions, it will be presumed that the verdict is authorized by the evidence and instructions, and the court will review the sufficiency of the pleadings only.

2. Principal and Agent—Pleading—Authority of Agent—General Allegation.—In actions by or against the principal on contracts executed by his agents, the contracts may be declared on either as having been made by the principal, or by him through an agent,

and authority in the agent to execute the contract is sufficiently averred by the use of the general allegation, and need not be affirmed in express terms.

3. Pleading—Reply—Denial of Matter Not Affirmatively Pleaded.— A denial in an answer which does not constitute an affirmative plea, and adds nothing to the answer, need not be denied by reply.

BENJAMIN F. GARDNER for appellant.

WALLACE A. McKAY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, John Woerner, brought this action against defendant, Belle J. Tyler, to recover the sum of $355 alleged to be due for his services in effecting a sale of her real estate. The jury returned a verdict in his favor for $200. Judgment was entered accordingly, and defendant appeals.

The case is here without bill of exceptions. That being true, it will be presumed that the verdict is authorized by the evidence and instructions, and the court will review the sufficiency of the pleadings only. Campbell v. Campbell, 130 Ky., 714.

The petition alleges that plaintiff "was employed as a broker by the defendant, Belle J. Tyler, through her agent and husband, T. C. Tyler, to sell for her a certain tract of land in Jefferson county, Kentucky, owned by said defendant and briefly described as follows." The answer denies that "plaintiff was employed as a broker, or otherwise, by the defendant through her alleged agent and husband, T. C. Tyler, or at all, to sell for her the tract of land described in the petition, or any part thereof." Immediately after the above denial is the following: "Denies that T. C. Tyler, her husband, had any authority to employ plaintiff for said purpose."

It is first insisted that the petition is defective in that it fails to allege authority on the part of the defendant's husband to employ plaintiff to make the sale.

It is a well settled rule of pleading that in actions by or against the principal on contracts executed by his agents, the contracts may be declared on either as having been made by the principal, or by him through an agent, and that authority in the agent to execute the contract is sufficiently averred by the use of the general allegation, and need not be affirmed in express terms. 16 Ency.

Pleading & Practice, 899, 900. Although it may be technically more accurate to aver that the principal, by his agent, in that behalf duly authorized, committed the act pleaded, yet such averment is not indispensable. Childress v. Emory, &c., 8 Wheat, 642, 5 L. Ed. 705. Where the fact of agency is alleged, the allegation of authority is an unnecessary repetition of a fact already stated. Partridge v. Badger, 25 Barb. (N. Y.) 146; Call v. Hamilton Co., 62 Iowa, 448, 17 N. W., 667. In the case of McGeever v. Harris (Ala.), 41 Southern, 930, it was held that the complaint in an action to enforce a mechanics' lien, alleging that the sum claimed to be due was for materials furnished, etc., pursuant to a contract between the plaintiff and defendant, through and by her husband, sufficiently alleged that defendant's husband was her authorized agent. See also 31 Cyc., 1627, and cases cited. True, there is an exception to the above rule, where one seeks to hold a principal for the acts of a sub-agent. In such a case he must set up and prove the power of the agent to make such a delegation of his authority. 31 Cyc., 1628; Johnson v. Cunningham, 1 Ala., 249; Kellogg v. Norris, 10 Ark., 18; Lucas v. Rader, 29 Ind. App., 287, 64 N. E. 488; McCormick v. Bush, 38 Tex. 314. In this case, however, there is nothing in the petition to show any delegation of authority. It is not alleged that plaintiff's husband was appointed her agent to make the sale, and that he then employed plaintiff. On the contrary, it is alleged that "plaintiff was employed as a broker by the defendant, Belle J. Tyler, through her agent and husband, T. C. Tyler, to sell, etc." Under these circumstances, the case falls within the general rule, and not within the exception: We therefore conclude that the petition is sufficient.

(2). But it is insisted that the pleadings do not support the judgment because the allegation "denies that T. C. Tyler, her husband, had any authority to employ plaintiff for said purposes" was not denied by reply. The allegation in question was in no sense an affirmative plea. It was simply a denial in another form of the fact of agency, which had been previously denied. It therefore added nothing to the answer, and did not require any denial by plaintiff.

Judgment affirmed.