## Central Life Insurance Company, et al. v. Vickers.

(Decided May 25, 1915.)

### Appeal from Pike Circuit Court.

Principal and Agent—Liability of Principal to Third Persons for Agent's Contract—Pleading Authority.—While the general rule is that in an action against a principal upon a contract made by his agent, the general allegation of agency is sufficient without expressly averring that the making of the contract was within the powers of the agency, still where the plaintiff undertakes to state the scope of the agent's employment and such statement does not show that authority to execute the contract sued on was within the scope of the agent's employment, the petition is insufficient.

KOHN, BINGHAM, SLOSS & SPINDLE and J. J. MOORE for appellants.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

In pleading and in proof, this case is the exact counterpart of Central Life Insurance Company v. Taylor, this day decided, except that the petition contained the following additional allegation:

"Plaintiff says that at the same time defendant Wiley made the false and fraudulent statements herein set out, that the defendant, Wiley, rented an office from plaintiff for the defendant company and in which to carry on and transact the business for the defendant company, for one year, at the agreed price of $72, and that defendants fail and refuse to pay plaintiff for said office rent or for any part thereof and that same is just, past due and unpaid. * * * That at the time the said defendant, Wiley, made these false and fraudulent representations to this plaintiff, the said Wiley was then the agent of the defendant Life Insurance Company, and was employed to sell stock in its company for defendant company and to solicit insurance for said defendant."

Under the familiar rule that averments of a pleading are to be construed against the pleader, the petition fails to allege that Wiley had authority to rent an office on behalf of the insurance company. The answer traversed the allegation of agency; and the proof for the plaintiff failed to cure the defect, being in full as follows on that issue:

"Q. At the same time, you may state whether or not you rented the defendant company an office, and if so, on what terms, what price? A. Yes, I rented them an office at $72 per year. Q. For one year? A. Yes, sir."

In Tyler v. Woener, 158 Ky., 710, 166 S. W., 178, it was said: "It is a well-settled rule of pleading that in actions by or against principals on contracts executed by agents the contract may be declared on either as having been made by the principal, or by him through an agent; and that authority in the agent to execute the contract is sufficiently averred by the use of the general allegation, and need not be affirmed in express terms."

But, in the petition in the case at bar, the plaintiff had undertaken to set out the limitations upon the powers of Wiley as an agent, by pleading that he was employed to sell shares of stock and to solicit insurance. Had the plaintiff contented himself with a general allegation of agency without attempting to define the scope of the agent's employment, the petition would have been sufficient.

For the reasons indicated, the judgment is reversed both as to the rescission of the purchase of the shares of stock (upon the grounds set out in the Taylor case this day decided) and to the $72 rent for which plaintiff was given judgment against the defendant insurance company and defendant Wiley; and with directions to sustain a demurrer to the petition and dismiss same.