## Hale, et al. v. Fair.

(Decided February 3, 1925.)

### Appeal from Casey Circuit Court.

1. Appeal and Error—Where Court did Not, and was Not Asked, to Pass on Demurrer, it will on Appeal be Deemed Waived.—Where court did not, and was not asked to, pass on demurrer to motion

for writ of habere facias possessionem, held it would on appeal
be deemed waived.

2.  Appeal and Error—Where Evidence Heard on Motion is Not Be-
fore Appellate Court, Only Question is Whether Judgment Sup-
ported by Pleadings.—On appeal from judgment granting writ of
habere facias possessionem, where evidence is not before court,
only question reviewable is whether judgment appealed from is
supported by pleadings.

3.  Execution—Pleadings Held to Sustain Judgment Granting Writ
of Habere Facias Possessionem.—Motion for writ of habere facias
possessionem, and notice thereof setting forth sale of property
under execution, its prior advertisement, appraisement, purchase,
etc., held sufficient to sustain judgment granting writ.

CHAS. H. FAIR and C. C. BAGBY for appellants.

CHAS. MONTGOMERY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

This is an appeal from a judgment of the Casey cir-
cuit court granting the appellee a writ of *habere facias
possessionem* for a house and lot situated in the town of
Liberty, Casey county, Kentucky, sold as the property
of the appellants by the sheriff of that county under an
execution issued from the office of the clerk of the Casey
circuit court, at which sale the appellee became the pur-
chaser of the property at a price in excess of two-thirds
of its appraised value and, also, in excess of the execu-
tion debt and cost.

The execution was issued at the instance of A. D.
Wesley upon a past due sale bond payable to him and
having the force and effect of a judgment, which the
appellants, with another as surety, had executed for the
property in question, following its purchase by the ap-
pellant, Nannie Hale, at a commissioner's sale made
under a judgment of the Casey circuit court in an action
brought by Wesley against the Hales to enforce a ven-
dor's lien on the property, the title to which was then
held by the appellant, Nannie Hale, to whom it had been
conveyed, subject to the vendor's lien, by her husband,
the appellant A. L. Hale, after its sale and conveyance
to him by Wesley.

The motion of the appellee and notice thereof to the
appellants for the writ of *habere facias possessionem*
were in writing substantially setting forth the sale of

the house and lot under the execution; the previous advertisement of the sale; the appraisement of the property; its purchase by him; his payment of the purchase price and the execution by the sheriff of a duly recorded deed conveying him the property. The execution, return thereon showing the levy upon the property, its sale and purchase by the appellee and the deed to the latter from the sheriff were all filed with the motion and notice as exhibits.

The appellants filed a general demurrer and written response to the motion, the response controverting the statements of the motion and affirmatively attacking the validity of the execution and sale to the appellee of the house and lot thereunder. The appellee filed a reply to the response which traversed all of its affirmative averments and, in addition, pleaded as a ground of estoppel that his purchase of the house and lot at the execution sale was made at the request of the appellant, Nannie Hale.

As the circuit court did not pass on the appellants' demurrer to the appellee's motion and was not asked by them to do so, the demurrer must be regarded as waived. There was, however, oral evidence introduced in that court by the parties on the issues made by the pleadings, after which the court rendered judgment sustaining the appellee's motion and granting him the writ of possession thereby prayed.

As the bill of exceptions containing the evidence heard in the court below, because of its not having been made a part of the record on the appeal by an order of that court, was by an order of this court entered at a former term, stricken from the record, such evidence cannot be considered by us in determining any question raised on the appeal. In such state of case our duty goes no further than to determine whether the judgment appealed from is supported by the pleadings as here formed. Clark v. Wallace Oil Co., 155 Ky. 836; Tyler v. Woerner, 158 Ky. 710; Gambrell v. Gambrell, 130 Ky. 714. And as to this question we are constrained to give an affirmative answer, the judgment is affirmed.